Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Tel: (801) 532-1500
Email: mjohnson@rqn.com
Email: dleigh@rqn.com
Email: emonson@rqn.com

James T. Markus *(pro hac vice pending)*
William G. Cross *(pro hac vice pending)*
Lacey S. Bryan *(pro hac vice pending)*
**MARKUS WILLIAMS YOUNG &
HUNSICKER LLC**
1775 Sherman Street, Suite 1950
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
Email: jmarkus@markuswilliams.com
Email: wcross@markuswilliams.com
Email: lbryan@markuswilliams.com

*Proposed Counsel for the Debtors-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**MERIDIAN RESTAURANTS UNLIMITED, LC**, a Utah limited liability company,<br><br>Tax I.D. No. <u>22-3863257</u>,<br><br>      Debtor-in-Possession. | Bankruptcy Case No. 23-20731-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |
| In re:<br><br>**LOVELOUD RESTAURANTS, L.C.**, a Utah limited liability company,<br><br>Tax I.D. No. <u>87-3720443</u>,<br><br>      Debtor-in-Possession. | Bankruptcy Case No. 23-20732-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |

| | |
|---|---|
| In re: | Bankruptcy Case No. 23-20733 |
| **AZM RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| | Honorable Kevin R. Anderson |
| Tax I.D. No. <u>47-3131673</u>, | [Filed Electronically] |
| Debtor-in-Possession. | |
| In re: | Bankruptcy Case No. 23-20736-KRA |
| **HR RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| | Honorable Kevin R. Anderson |
| Tax I.D. No. <u>26-2114591</u>, | [Filed Electronically] |
| Debtor-in-Possession. | |
| In re: | Bankruptcy Case No. 23-20737-KRA |
| **MR RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| | Honorable Kevin R. Anderson |
| Tax I.D. No. <u>27-2405774</u>, | [Filed Electronically] |
| Debtor-in-Possession. | |
| In re: | Bankruptcy Case No. 23-20738-KRA |
| **NDM RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| | Honorable Kevin R. Anderson |
| Tax I.D. No. <u>47-1791172</u>, | [Filed Electronically] |
| Debtor-in-Possession. | |

| | |
|---|---|
| In re:<br><br>**NKS RESTAURANTS, L.C.**, a Utah limited liability company,<br><br>Tax I.D. No. <u>82-3393400</u>,<br><br>Debtor-in-Possession. | Bankruptcy Case No. 23-20739-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |

## APPLICATION OF THE DEBTORS FOR ENTRY OF ORDERS AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY RAY QUINNEY & NEBEKER P.C. AS THEIR GENERAL LOCAL BANKRUPTCY AND LITIGATION COUNSEL

Meridian Restaurants Unlimited, L.C., a Utah Limited liability company ("<u>Meridian</u>"), debtor-in-possession in Case No. 23-20731-KRA (the "<u>Meridian Case</u>"), Loveloud Restaurants, L.C. ("<u>Loveloud</u>"), debtor-in-possession in Case No. 23-20732-KRA (the "<u>Loveloud Case</u>"), AZM Restaurants, L.C. ("<u>AZM</u>"), debtor-in-possession in Case No. 23-20733-KRA (the "<u>AZM Case</u>"), HR Restaurants, L.C. ("<u>HR</u>"), debtor-in-possession in Case No. 23-20736-KRA (the "<u>HR Case</u>"), MR Restaurants, L.C. ("<u>MR</u>"), debtor-in-possession in Case No. 23-20737-KRA (the "<u>MR Case</u>"), NDM Restaurants, L.C. ("<u>NDM</u>"), debtor-in-possession in Case No. 23-20738-KRA (the "<u>NDM Case</u>"), and NKS Restaurants, L.C. ("<u>NKS</u>"), debtor-in-possession in Case No. 23-20739-KRA (the "<u>NKS Case</u>") (Meridian, Loveloud, AZM, HR, MR, NDM, and NKS are collectively referred to herein as the "<u>Meridian Debtors</u>" and the Meridian Case, Loveloud Case, AZM Case, HR Case, MR Case, NDM Case and NKS Case are collectively referred to herein as either the "<u>Meridian Bankruptcy Cases</u>" or the "<u>Cases</u>"), hereby each separately move the Court for an order authorizing the Debtor to retain and employ Ray Quinney

& Nebeker P.C. ("RQN") as their local general bankruptcy and litigation counsel in accordance

with 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014.

In support of this application, the Debtor states as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider the application pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The statutory bases for the relief requested herein are sections 327 and 330 of Title 11

of the United States Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy

Procedure.

3.   No prior application has been filed for the relief requested herein.

## BACKGROUND

4.   On March 2, 2023 (the "Petition Date"), the Meridian Debtors each filed separate

voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

Code") with the United States Bankruptcy Court for the District of Utah (the "Court"), and

thereby commenced the Meridian Bankruptcy Cases.

5.   Each of the Meridian Debtors is operating as a debtor-in-possession pursuant to §§

1107(a) and 1108 of the Bankruptcy Code.

6.   As of the filing of this Application, no creditors' committee has been appointed in

any of the Meridian Bankruptcy Cases by the Office of the United States Trustee, nor has any

trustee or examiner been requested or appointed in any of the Meridian Bankruptcy Cases.

## RETENTION OF RAY QUINNEY & NEBEKER PC AS COUNSEL

7.   By this application, the Meridian Debtors each seek to employ and retain in each of their Cases, pursuant to sections 327(a) and 328 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, RQN as its local general bankruptcy and litigation counsel to perform legal services that will be necessary in each of the Meridian Bankruptcy Cases.

8.   The Meridian Debtors are affiliates within the meaning of 11 U.S.C. § 101(2). Meridian is the ultimate parent of each of the Meridian Debtors.  Loveloud is a wholly owned subsidiary of Meridian.  Each of AZM, HR, MR, NDM and NKS, in turn, is a wholly owned subsidiary of Loveloud.

9.   A description of the Debtors' business, the reasons for filing the chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set more fully described in the *Declaration of James Winder in Support of First Day Relief* (the "Winder Declaration"), which the Debtors hereby adopt and incorporate as if fully set forth herein.

10. The Meridian Debtors have selected RQN to serve as their local bankruptcy counsel because RQN has extensive experience and knowledge of bankruptcy, business reorganization, and debtor/creditor matters.   In addition, certain attorneys at RQN have extensive experience and knowledge in other areas of law, such as corporate, banking, and tax law, which are likely to be involved in this case.  Accordingly, RQN has the necessary background to deal effectively with issues that may arise on the context of the Meridian Bankruptcy Cases.

11. RQN is both well-qualified and uniquely able to represent the Meridian Debtors in their Cases in an efficient, effective, and timely manner.  RQN's retention is necessary and in the best interests of the separate estates of each of the Meridian Debtors, and should be approved.

12. None of the rates charged by RQN are above customary rates.

13. The Meridian Debtors have internal procedures in place to supervise and control fees and costs in their Cases.  For example, all invoices will be reviewed and approved by the manager of the Meridian Debtors, and by their chief financial officer.

14. The Meridian Debtors have requested that RQN provide detailed billing records and invoices to them on a monthly basis.  The Meridian Debtors will contact RQN to discuss any discrepancies, concerns, errors, or inappropriate charges.

15. RQN has indicated its willingness to represent the Meridian Debtors in the Meridian Bankruptcy Cases as their local general bankruptcy and litigation counsel, and to render the services, and to be compensated as set forth below.

## SERVICES TO BE RENDERED

16. The services of attorneys are necessary to enable the Meridian Debtors to reorganize and restructure their estates and related businesses.  RQN may be required to render all or some of the following services to the Meridian Debtors:

a.  Investigating the assets, liabilities, and financial affairs of the estate, including the assets, liabilities, and financial affairs of various entities which are owned by, controlled by, or affiliated with the Meridian Debtors;

b.  Investigating and advising the Meridian Debtors on issues of substantive consolidation;

c.  Preparing on behalf of the Meridian Debtors any necessary motions, applications, answers, orders, reports, and papers as required by applicable

bankruptcy or non-bankruptcy law, dictated by the demands of the Meridian Bankruptcy Cases, or required by the Court, and to represent the Meridian Debtors in proceedings or hearings related thereto;

d.      Assisting the Meridian Debtors in analyzing and pursuing possible business reorganizations and/or liquidations;

e.      Assisting the Meridian Debtors in analyzing and pursuing any proposed dispositions of assets of their bankruptcy estates;

f.      Pursuing claims and causes of action of the Meridian Debtors' bankruptcy estates, including but not limited to claims and causes of action arising under Chapter 5 of the Bankruptcy Code;

g.      Defending one or more of the Meridian Debtors and their estate in any litigation matters which may be asserted, including the defense of motions seeking relief from the automatic stay;

h.      Reviewing, analyzing, and advising the Meridian Debtors regarding claims or causes of action to be pursued on behalf of their bankruptcy estates;

i.      Assisting the Meridian Debtors in providing information to creditors and other parties in interest;

j.      Reviewing, analyzing, and advising the Meridian Debtors regarding the retention of any further professionals that may be necessary to investigate and analyze assets of their estates;

k.      Reviewing, analyzing and advising the Meridian Debtors regarding fee applications or other issues involving professional compensation in their chapter 11 cases;

l.      Preparing and advising the Meridian Debtors regarding any chapter 11 plan filed by them, either separately or as part of a joint plan, and advising the Meridian Debtors regarding possible chapter 11 plans filed by other constituents in their chapter 11 cases;

m.      Advising the Meridian Debtors regarding issues related to possible requests for conversion or appointment of a trustee or examiner;

n.      Assisting the Meridian Debtors in negotiations with various creditor constituencies regarding treatment, resolution, and payment of creditor claims;

o.      Reviewing and analyzing the validity of claims filed, and advising the Meridian Debtors as to the filing of objections to claims, if necessary;

p.      Providing necessary corporate and tax advice as may be necessary concerning the Meridan Debtors and other entities owned by, controlled by, or affiliated with them;

q.      Providing continuing legal advice with respect to the bankruptcy estate, litigation, and all other legal matters; and

r.      Performing all other necessary legal services as may be required by the needs of the Meridian Debtors in their separate Chapter 11 cases.

**RAY QUINNEY & NEBEKER HOLDS NO ADVERSE INTEREST**

17. RQN has stated its desire and willingness to render the necessary professional services in this case as counsel to the Meridian Debtors.  Attached hereto as Exhibit A is the Declaration of Michael R. Johnson (the "Johnson Declaration").  The Johnson Declaration is incorporated herein by this reference.  All known connections to the Meridian Debtors, their creditors, or any party in interest are set forth in the Johnson Declaration and incorporated herein by reference.

18. To the best of the Meridian Debtors' knowledge, RQN and its attorneys are disinterested persons as provided in sections 101(14) and 327 and do not represent or hold an undisclosed interest adverse to the interest of the Meridian Debtors or their separate Chapter 11 estates.

19. The Meridian Debtors have been apprised of the fact that certain creditors and other interested parties in this case are current or former clients of RQN.  As set forth in the Johnson Declaration, in the event that any Meridian Debtor must take adverse actions with respect to a current client of RQN and RQN would be precluded by applicable law or the Rules of Ethics

from representing the Debtors in such matters, the matter would either be handled by Markus

Williams Young & Hunsicker, lead counsel for the Median Debtors, or special counsel would be

obtained.

20.  RQN is informed that there are certain intercompany receivables owed and owing

between and among the various Meridian Debtors.  Notwithstanding the existence of the

intercompany receivables, RQN does not believe its representation of the Meridian Debtors

represents any actual or potential conflict of interest, or otherwise prevents RQN from being

"disinterested."  However, RQN has informed each of the Meridian Debtors that should disputes,

contested matters or adverse litigation arise between and/or among the Meridian Debtors with

respect to the intercompany receivables, the Meridian Debtors will be required to retain separate

conflicts counsel for such matters.

21. RQN will promptly disclose any material developments regarding the Meridian

Debtors or any other pertinent relationship that comes to RQN's attention by way of a

supplemental attorney declaration.

## **COMPENSATION**

22. The Meridian Debtors desire to employ RQN with reasonable compensation to be

based upon RQN's normal hourly rates in matters of this type, subject to all necessary approvals

of the Court.   Prior to the filing of their Chapter 11 Petitions and prior to RQN commencing

work for the Meridian Debtors with respect to their contemplated bankruptcy filings, the

Meridian Debtors provided RQN with a prepetition retainer of $62,166.00.  $12,166.00 of the

retainer was for the purpose of paying the $1738.00 filing fee for each of the Meridian Debtors.

Of the remaining $50,000.00, $20,000.00 was allocated to Meridian, and $5,000.00 was allocated to each of the remaining Meridian Debtors.

23. Consistent with the Meridian Debtors' existing cash management systems, the entire retainer was paid by Meridian, and then allocated to the Meridian Debtors as set forth above.

24. Immediately prior to the filing of Chapter 11 petitions for the Meridian Debtors, RQN applied $22,756.50 to its outstanding invoices, leaving an on-hand retainer as of the Petition, including the portion allocated for filing fees, of $39,409.50.  RQN assets a security interest in this retainer pursuant to its engagement agreement with the Meridian Debtors, its possession of the retainer, and applicable non-bankruptcy law.

25. RQN has no claim for unpaid fees or expenses against the Meridian Debtors as of the Petition Date.

26. The Meridian Debtors understand that RQN will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and local rules and orders of this Court for all services performed and expenses incurred.

27. The team of RQN shareholders and directors who will assist in representing the Meridian Debtors on various matters include the following attorneys, whose standard hourly rates for 2023 are as follows:

Michael R. Johnson, $495
David H. Leigh, $425
Elaine A. Monson, $350

Other attorneys and paralegals may assist in performing services in this case, and RQN will

consistently strive to have work performed in the most cost-efficient way possible.  The hourly

rates for other professionals likely to perform services in this case for calendar year 2023 are:

    Shareholders:  $350 to $495
    Associates:     $250 to $270
    Paralegals:     $195 to $205

28. RQN's billing rates are subject to adjustment and increase as necessary or

appropriate, which adjustments and increases typically become effective on January 1st of each

calendar year.  Unless expressly disallowed by the Court, RQN will increase its hourly billing

rates in this matter effective as of January 1st of each calendar year, if necessary and appropriate,

by no more than $20.00 per hour per attorney or paralegal per each calendar year.

29. RQN maintains detailed records of any actual and necessary expenses for which it

may seek reimbursement.  RQN will seek reimbursement for its non-overhead, identifiable

expenses incurred in connection with this case.

30. The professionals rendering services will also keep detailed records in connection

with such services as required by the Bankruptcy Code.  Time will be recorded in increments of

$1/10^{th}$ of an hour, and all attorneys and paralegals will be required to keep detailed time records

in connection with services rendered herein.

31. RQN has not entered into any agreement to share compensation that may be awarded

to it for services rendered in this case except as permitted under section 504(b) of the Bankruptcy

Code.

32. No previous request for the relief sought herein has been made to this or any other

court.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Meridian Debtors each separately request that (a) they be authorized, pursuant to 11 U.S.C. § 327, and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the law firm of Ray Quinney & Nebeker P.C. as their local general bankruptcy and litigation counsel to represent them in their Chapter 11 cases, with such employment being effective as of the Petition Date; and (b) the Court grant such other and further relief as this Court deems just and necessary.

DATED this 2nd day of March, 2023.

**MERIDIAN RESTAURANTS UNLIMITED, LC**

/s/  James Winder
Title:  Authorized Representative of Debtor

**LOVELOUD RESTAURANTS LC**

/s/  James Winder
Title:  Authorized Representative of Debtor

**MR RESTAURANTS, LLC**

/s/  James Winder
Title:  Authorized Representative of Debtor

**NKS RESTAURANTS, LLC**

/s/  James Winder
Title:  Authorized Representative of Debtor

**AZM RESTAURANTS, LLC**

/s/  James Winder

Title:  Authorized Representative of Debtor

**HR RESTAURANTS, LLC**

/s/  James Winder

Title:  Authorized Representative of Debtor

**NDM RESTAURANTS, LLC**

/s/  James Winder

Title:  Authorized Representative of Debtor

AGREED TO:                              RAY QUINNEY & NEBEKER P.C.

 /s/ *Michael R. Johnson*

Michael R. Johnson

*Proposed General Local Bankruptcy and Litigation*
*Counsel for the Debtor*

1629669

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that March 3, 2023 I electronically filed the foregoing **APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY RAY QUINNEY & NEBEKER P.C. AS ITS GENERAL LOCAL BANKRUPTCY AND LITIGATION COUNSEL** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, including the United States Trustee, are registered CM/ECF users and will be served through the CM/ECF system:

- **Michael R. Johnson**    mjohnson@rqn.com, docket@rqn.com;ASanchez@rqn.com
- **Peter J. Kuhn**    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Armstrong@usdoj.gov;Brittany.Eichorn@usdoj.gov
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov


_____
Carrie Hurst

# EXHIBIT A

Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Tel: (801) 532-1500
Email: mjohnson@rqn.com
Email: dleigh@rqn.com
Email: emonson@rqn.com

James T. Markus *(pro hac vice pending)*
William G. Cross *(pro hac vice pending)*
Lacey S. Bryan *(pro hac vice pending)*
**MARKUS WILLIAMS YOUNG &
HUNSICKER LLC**
1775 Sherman Street, Suite 1950
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
Email: jmarkus@markuswilliams.com
Email: wcross@markuswilliams.com
Email: lbryan@markuswilliams.com

*Proposed Counsel for the Debtors-in-Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**MERIDIAN RESTAURANTS UNLIMITED, LC**, a Utah limited liability company,<br><br>Tax I.D. No. <u>22-3863257</u>,<br><br>      Debtor-in-Possession. | Bankruptcy Case No. 23-20731-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |
| In re:<br><br>**LOVELOUD RESTAURANTS, L.C.**, a Utah limited liability company,<br><br>Tax I.D. No. <u>87-3720443</u>,<br><br>      Debtor-in-Possession. | Bankruptcy Case No. 23-20732-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |

| | |
|---|---|
| In re: | Bankruptcy Case No. 23-20733 |
| **AZM RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| | Honorable Kevin R. Anderson |
| Tax I.D. No. <u>47-3131673</u>, | [Filed Electronically] |
| Debtor-in-Possession. | |
| In re: | Bankruptcy Case No. 23-20736-KRA |
| **HR RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| | Honorable Kevin R. Anderson |
| Tax I.D. No. <u>26-2114591</u>, | [Filed Electronically] |
| Debtor-in-Possession. | |
| In re: | Bankruptcy Case No. 23-20737-KRA |
| **MR RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| | Honorable Kevin R. Anderson |
| Tax I.D. No. <u>27-2405774</u>, | [Filed Electronically] |
| Debtor-in-Possession. | |
| In re: | Bankruptcy Case No. 23-20738-KRA |
| **NDM RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| | Honorable Kevin R. Anderson |
| Tax I.D. No. <u>47-1791172</u>, | [Filed Electronically] |
| Debtor-in-Possession. | |

2

<table>
<tr><td>

In re:

**NKS RESTAURANTS, L.C.**, a Utah limited liability company,

Tax I.D. No. <u>82-3393400</u>,

Debtor-in-Possession.

</td><td>

Bankruptcy Case No. 23-20739-KRA

Chapter 11

Honorable Kevin R. Anderson

[Filed Electronically]

</td></tr>
</table>

### DECLARATION OF MICHAEL R. JOHNSON IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF ORDERS AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY RAY QUINNEY & NEBEKER P.C. AS THEIR GENERAL LOCAL BANKRUPTCY AND LITIGATION COUNSEL

I, Michael R. Johnson, being of lawful age, declare and state as follows:

1.      This declaration is based upon my personal knowledge of the facts set forth herein and/or upon my review of the business records of my law firm, Ray Quinney & Nebeker P.C., which business records are maintained by the firm in the ordinary course of its business.

2.      I make this declaration in support of the applications of Meridian Restaurants Unlimited, L.C., a Utah Limited liability company ("<u>Meridian</u>"), debtor-in-possession in Case No. 23-20731-KRA (the "<u>Meridian Case</u>"), Loveloud Restaurants, L.C. ("<u>Loveloud</u>"), debtor-in-possession in Case No. 23-20732-KRA (the "<u>Loveloud Case</u>"), AZM Restaurants, L.C. ("<u>AZM</u>"), debtor-in-possession in Case No. 23-20733-KRA (the "<u>AZM Case</u>"), HR Restaurants, L.C. ("<u>HR</u>"), debtor-in-possession in Case No. 23-20736-KRA (the "<u>HR Case</u>"), MR Restaurants, L.C. ("<u>MR</u>"), debtor-in-possession in Case No. 23-20737-KRA (the "<u>MR Case</u>"), NDM Restaurants, L.C. ("<u>NDM</u>"), debtor-in-possession in Case No. 23-20738-KRA (the "<u>NDM Case</u>"), and NKS Restaurants, L.C. ("<u>NKS</u>"), debtor-in-possession in Case No. 23-20379-KRA

3

(the "NKS Case") to employ and retain the law firm of Ray Quinney & Nebeker P.C. and its

attorneys (collectively, "RQN") as their local general bankruptcy and litigation counsel in their

separate Chapter 11 cases, in accordance with 11 U.S.C. § 327 and Rule 2014 of the Federal

Rules of Bankruptcy Procedure.

  3.  Meridian, Loveloud, AZM, HR, MR, NDM, and NKS are collectively referred to

herein as the "Meridian Debtors," and the Meridian Case, Loveloud Case, AZM Case, HR Case,

MR Case, NDM Case and NKS Case are collectively referred to herein as either the "Meridian

Bankruptcy Cases" or the "Cases."

  4.  I am a member in good standing of the Utah State Bar, and I am a Shareholder

and Director of RQN.

  5.  RQN maintains an office at 36 South State Street, 14th Floor; Salt Lake City,

Utah.  It also maintains an office in Provo, Utah.

  6.  In order to determine all connections of RQN and its attorneys to the Meridian

Debtors and the Meridian Bankruptcy Cases, RQN has performed a search by e-mail to all

attorneys and employees in the firm, as well as an electronic search of its databases with respect

to the Meridian Debtors, their equity holders, any affiliates, the franchisor (Burger King), all

secured and known unsecured creditors, lessors, all landlords, and all disclosed vendors.

  7.  The firm search results, which I personally reviewed, was 172 pages in length.

Based upon that review, I found and disclose the following:

    a. The Meridian Debtors' largest creditor is City National Bank.  City National Bank

is a former client of the firm, but the last activity for City National Bank was in 2011 and was

wholly unrelated to the Meridian Debtors or their business operations;

b.   One of the Meridian Debtors' largest creditors/lessors is Varilease. Varilease is a current client of the firm.  However, it appears that RQN has never done work for Varilease related to the Meridian Debtors or their businesses.   Further, if and to the extent issues arise in the Meridian Bankruptcy Cases with Varilease, Markus Williams Young & Hunsicker LLC ("Markus Williams"), who will serve as lead bankruptcy and litigation counsel for the Meridian Debtors, will deal with those issues on behalf of the Meridian Debtors.  Alternatively, if Markus Williams is unable to handle issues involving Varilease, such issues will be handled by special counsel;

c.   The Meridian Debtors' largest investor is Polar Star Capital Partners.  Polar Star Capital Partners is a former client of RQN.  However, the last work performed for Polar Star Capital Partners was in 2017, and the work was unrelated to the Meridian Debtors or their businesses;

d.   One of RQN's clients is RCAW Jensen Properties, which appears to be the landlord for one of the restaurant locations operated by Debtor MR Restaurants, LC. RQN's work for RCAW Jensen Properties may have related to its lease with MR Restaurants, LC. RQN's services for RCAW Jensen Properties related to that particular matter, however, terminated in 2021. If and to the extent further issues arise between the Debtor MR Restaurants, LC and RCAW Jensen Properties in this case, the dispute will either be handled by Markus Williams or by special counsel;

e.   One of the landlords for one of the Meridian Debtors is an entity named Sea Breeze Properties, LLC.  Sea Breeze Properties, LLC is a former client of RQN.  The last work performed was in 2012, and was unrelated to the Meridian Debtors or their businesses;

5

f.   A number of the Meridian Debtors' trade vendors/creditors/service providers are current or former clients of RQN, including Sysco Corporation, Nicholas & Company, McLane Company, Alsco, Aramark, Doordash, Guardian Life Insurance, First Insurance Funding, The Hartford, Nationwide, and Taylor Freezer Company. It does not appear that any work for any of these clients was related in any way to any of the Meridian Debtors.  To the extent any of these vendors/creditors/service providers are current clients of the firm, RQN would not represent them in any matters adverse to any of the Meridian Debtors.   Moreover, if and to the extent work needed to be undertaken on behalf of the Meridian Debtors and their estates against any current RQN client, that work would be handled either by the Markus Firm or by special counsel;

g.   Rocky Mountain Power, which provides utility services to the Meridian Debtors, is a current client of RQN.  RQN has never represented Rocky Mountain Power in matters adverse to the Meridian Debtors.  If issues arise in the Meridian Bankruptcy Cases with Rocky Mountain Power, those issues will be handled by the Markus Firm or by special counsel;

h.   Dominion Energy, which provides utility services to the Meridian Debtors, is a current client of RQN.  RQN has never represented Dominion Energy in matters adverse to the Meridian Debtors.  If issues arise with Dominion Energy, those issues will be handled by the Markus Firm or by special special counsel;

8.   The Meridan Debtors have been apprised of the fact that certain creditors and other interested parties in this case are current or former clients of RQN.  In the event that any Meridian Debtor must take adverse actions with respect to a current client of RQN and RQN would be precluded by applicable law or the Rules of Ethics from representing the Debtor in

such matters, the matter would either be handled by Markus Williams, lead counsel for the
Median Debtors, or special counsel would be obtained.

9.     RQN is informed that there are certain intercompany receivables owed and owing
between and among the various Meridian Debtors.  Notwithstanding the existence of the
intercompany receivables, RQN does not believe its representation of the Meridian Debtors
represents any actual or potential conflict of interest, or otherwise prevents RQN from being
"disinterested."  However, RQN has informed each of the Meridian Debtors that should disputes,
contested matters or adverse litigation arise between and/or among the Meridian Debtors with
respect to the intercompany receivables, the Meridian Debtors will be required to retain separate
conflicts counsel for such matters.

10.     To the best of my knowledge, RQN does not have any connections with the Court
or the Office of the United States Trustee that would prohibit employment under Rule 5002 of
the Federal Rules of Bankruptcy Procedure.

11.     RQN is a large law firm with offices located in Salt Lake City and Provo, and
with more than 90 shareholders and associates.  As such, RQN has relationships with numerous
clients, some of which may be creditors of the Meridian Debtor or entities owned or controlled
by the Meridian Debtors, or otherwise may be parties in interest in this case.  However, RQN has
not represented and will not represent any such party on any matter adverse to the Meridian
Debtors in the Meridian Bankruptcy Cases.  Also, there may be unrelated matters in which RQN
has provided and will provide services in the near future to various creditors of the estate.  In my
opinion, these current and future representations do not constitute an interest materially adverse
to the bankruptcy estates of the Meridian Debtors.

12.     Based upon the searches referenced in paragraph 5 and 6 above and other information obtained by me, I believe that RQN does not have any direct or indirect relationship to, connection with, interest in or conflict of interest concerning the Meridian Debtors, their bankruptcy estates, any entities controlled by the Meridian Debtors, any creditors of the Meridian Debtors, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as otherwise set forth herein.

13.     In my opinion, none of the connections disclosed above creates or constitutes an interest materially adverse to the bankruptcy estate in this case, nor do they adversely affect RQN's disinterestedness under section 327(a) of the Bankruptcy Case.

14.     Moreover, as noted above, to the extent that any issues arise in the future with respect to any of the connections disclosed above, RQN understands those issues will be handled by Markus Williams or the Meridian Debtors would engage special counsel.

15.     RQN is willing to act in this case and render the necessary professional services as local general bankruptcy and litigation counsel for the Meridian Debtors.

16.     To the best of my knowledge, formed after reasonable inquiry, RQN does not have any connection with the Meridian Debtors, any entity owned or controlled by the Meridian Debtors, creditors of or investors in the Meridian Debtors, or any other parties in interest or their attorneys, except as set forth in this Declaration, and RQN is a disinterested person as that term is used in section 101(14) of the Bankruptcy Code.

**General Information about RQN's Proposed Engagement**

17.     If RQN's employment is approved by the Court, RQN will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and local rules and orders of this Court for all services performed and expenses incurred.

18.     The team of RQN shareholders and directors who will assist in representing the Debtor on various matters include the following attorneys, whose standard hourly rates for 2023 are as follows:

> Michael R. Johnson, $495
> David H. Leigh, $425
> Elaine A. Monson, $350

Other attorneys and paralegals may assist in performing services in this case, and RQN will consistently strive to have work performed in the most cost-efficient way possible.  The hourly rates for other professionals likely to perform services in this case for calendar year 2023 are:

> Shareholders:  $350 to $495
>
> Associates:    $250 to $270
>
> Paralegals:    $195 to $205

19.     RQN's billing rates are subject to adjustment and increase as necessary or appropriate, which adjustments and increases typically become effective on January 1st of each calendar year.  Unless expressly disallowed by the Court, RQN will increase its hourly billing rates in this matter effective as of January 1st of each calendar year, if necessary and appropriate, by no more than $20.00 per hour per attorney or paralegal per each calendar year.

20.     RQN maintains detailed records of any actual and necessary expenses for which it may seek reimbursement.  RQN will seek reimbursement for its non-overhead, identifiable expenses incurred in connection with this case.

21.     I and other professionals rendering services will also keep detailed records in connection with such services as required by the Bankruptcy Code.  Time will be recorded in increments of $1/10^{th}$ of an hour, and all attorneys and paralegals will be required to keep detailed time records in connection with services rendered herein.

22.     RQN has not entered into any agreement to share compensation as may be awarded to it for services rendered in this case except as permitted under Section 504(b) of the Bankruptcy Code.

23. Prior to the filing of their Chapter 11 Petitions, and before RQN began to provide work to the Meridian Debtors concerning their contemplated bankruptcy filing, the Meridian Debtors provided RQN with a prepetition retainer of $62,166.00.  $12,666.00 of the retainer was for the purpose of paying the $1738.00 filing fee for each of the Meridian Debtors.  Of the remaining $50,000.00, $20,000.00 was allocated to Meridian, and $5,000.00 was allocated to each of the remaining Meridian Debtors.

24. Consistent with the Meridian Debtors' existing cash management systems, the entire retainer was paid by Meridian, and then allocated to the Meridian Debtors as set forth above.

25. Immediately prior to the filing of Chapter 11 petitions for the Meridian Debtors, RQN applied $22,756.50 to its outstanding invoices, leaving an on-hand retainer as of the Petition, including the portion allocated for filing fees, of $39,409.50.  RQN assets a security interest in

this retainer pursuant to the terms of its engagement letter, its possession of the funds in its trust account, and applicable non-bankruptcy law.

26. RQN has no claim for unpaid fees or expenses against the Meridian Debtors as of the Petition Date.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

EXECUTED ON this 2nd day of March, 2023 in Salt Lake City, Utah.

*/s/ Michael R. Johnson*
Michael R. Johnson, Declarant

1629733

11