Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Tel: (801) 532-1500
Email: mjohnson@rqn.com
Email: dleigh@rqn.com
Email: emonson@rqn.com

James T. Markus *(pro hac vice pending)*
William G. Cross *(pro hac vice pending)*
Lacey S. Bryan *(pro hac vice pending)*
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
1775 Sherman Street, Suite 1950
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
Email: jmarkus@markuswilliams.com
Email: wcross@markuswilliams.com
Email: lbryan@markuswilliams.com

*Proposed Counsel for the Debtor-In-Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br>**MERIDIAN RESTAURANTS UNLIMITED, LC,** a Utah limited liability company,<br>Tax ID No. 22-3863257,<br>Debtor-in-Possession. | Bankruptcy Case No. 23-20731-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |
| In re:<br>**LOVELOUD RESTAURANTS, L.C.**, a Utah limited liability company,<br>Tax I.D. No. 87-3720443,<br>Debtor-in-Possession. | Bankruptcy Case No. 23-20732-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |

| | |
|---|---|
| In re: | Bankruptcy Case No. 23-20733-KRA |
| **AZM RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| Tax I.D. No. 47-3131673, | Honorable Kevin R. Anderson |
| Debtor-in-Possession. | [Filed Electronically] |
| In re: | Bankruptcy Case No. 23-20736-KRA |
| **HR RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| Tax I.D. No. 26-2114591, | Honorable Kevin R. Anderson |
| Debtor-in-Possession. | [Filed Electronically] |
| In re: | Bankruptcy Case No. 23-20737-KRA |
| **MR RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| Tax I.D. No. 27-2405774, | Honorable Kevin R. Anderson |
| Debtor-in-Possession. | [Filed Electronically] |
| In re: | Bankruptcy Case No. 23-20738-KRA |
| **NDM RESTAURANTS, L.C.**, a Utah limited liability company, | Chapter 11 |
| Tax I.D. No. 47-1791172, | Honorable Kevin R. Anderson |
| Debtor-in-Possession. | [Filed Electronically] |

| | |
|---|---|
| In re:<br><br>**NKS RESTAURANTS, L.C.**, a Utah limited liability company,<br><br>Tax I.D. No. 82-3393400,<br><br>Debtor-in-Possession. | Bankruptcy Case No. 23-20739-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |

**MOTION FOR ENTRY OF INTERIM ORDER: (A) DIRECTING JOINT ADMINISTRATION AND PROCEDURAL (BUT NOT SUBSTANTIVE) CONSOLIDATION OF RELATED CHAPTER 11 CASES; (B) SETTING A FINAL HEARING; AND (C) GRANTING RELATED RELIEF**

Debtors Meridian Restaurants Unlimited, L.C., a Utah Limited liability company ("Meridian"), debtor-in-possession in the chapter 11 case of In re Meridian Restaurants Unlimited, L.C., case no. 23-20731-KRA (the "Meridian Case"), Loveloud Restaurants, L.C. ("Loveloud"), debtor-in-possession in the chapter 11 case of In re Loveloud Restaurants, L.C., case no. 23-20732-KRA (the "Loveloud Case"), debtor AZM Restaurants, L.C. ("AZM"), debtor-in-possession in the chapter 11 case of In re AZM Restaurants, L.C., case no. 23-20733-KRA (the "AZM Case"), debtor HR Restaurants, L.C. ("HR"), debtor-in-possession in the chapter 11 case of In re HR Restaurants, L.C., case no. 23-20736-KRA (the "HR Case"), debtor MR Restaurants, L.C. ("MR"), debtor-in-possession in the chapter 11 case of In re MR Restaurants, L.C., case no. 23-20737-KRA (the "MR Case"), debtor NDM Restaurants, L.C. ("NDM"), debtor-in-possession in the chapter 11 case of In re NDM Restaurants, L.C., case no. 23-20738-KRA (the "NDM Case"), and debtor NKS Restaurants, L.C. ("NKS"),[1] debtor-in-possession in the chapter 11 case of In re NKS Restaurants, L.C., case no. 23-20739-KRA (the

---

[1] Meridian, Loveloud, AZM, HR, MR, NDM, and NKS are each a "Debtor" and collectively referred to herein as the "Debtors".

"NKS Case"),[2] by and through their undersigned proposed counsel, respectfully move this Court pursuant to Fed. R. Bankr. P. 1015(b) and Bankr. D. Ut. LBR 1015-1 for entry of an order, substantially in the form filed herewith (the "Interim Order"): (i) authorizing and directing on an interim basis the joint administration and procedural (but not substantive at this time) consolidation of the Meridian Case and the Subsidiary Cases; (ii) authorizing the Debtors' use of a combined and consolidated creditor and mailing matrix for the chapter 11 cases; (iii) setting a final hearing ("Final Hearing") on the relief requested herein on a final basis (the "Final Order"); and (iv) granting related relief.  In support of this motion, the Debtors state as follows:[3]

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Utah has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a court proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.  The statutory predicates for relief requested herein are Fed. R. Bankr. P. 1015 and Local Rule 1015-1.

## BACKGROUND

2. On March 2, 2023, (the "Petition Date"), the Debtors separately filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Court").

3. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108. No creditors' committee is appointed in the Debtors' chapter 11 cases by the Office of the United States Trustee, nor has any trustee or examiner been requested or appointed.

---

[2] The Loveloud Case, AZM Case, HR Case, MR Case, NDM Case, and NKS Case are collectively referred to herein as the "Subsidiary Cases".

[3] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

4. A description of the Debtors' business, the reasons for filing the chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set more fully described in the forthcoming *Declaration of James Winder in Support of First Day Relief* (the "Winder Declaration"), which the Debtors hereby adopt and incorporate as if fully set forth herein.

## RELIEF REQUESTED

5. By this motion, pursuant to Fed. R. Bankr. P. 1015(b) and Local Rule 1015-1, the Debtors seek entry of the Interim Order filed herewith (i) authorizing and directing on an interim basis the joint administration and procedural (but not substantive at this time) consolidation of the Meridian Case and the Subsidiary Cases, with all filings to take place in the Meridian Case, case no. 23-20731-KRA; (ii) authorizing the Debtors' use of a combined and consolidated creditor and mailing matrix for the chapter 11 cases; (iii) setting a Final Hearing for entry of a Final Order granting the relief requested herein; and (iv) granting related relief.

6. Pursuant to Local Rule 1015-1, this matter will be heard by the bankruptcy judge with the lowest case number to which the motion applies.

7. The Debtors propose the Clerk of the Court file and maintain all pleadings, papers, and other filings in the Meridian Case as well as in the Subsidiary Cases (other than proofs of claim) under a single pleading docket – that pleading docket being the docket for the Meridian Case – and that all pleadings, papers, or other filings relating to the Meridian Case and to the Subsidiary Cases bear a single joint caption, in a form substantially similar to the following (with parties in interest specifying on the joint caption of their filing the particular cases to which their filing relates, if the filing relates to fewer than all of the cases on the joint caption):

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>MERIDIAN RESTAURANTS UNLIMITED, LC; LOVELOUD RESTAURANTS, LC; AZM RESTAURANTS, LC; HR RESTAURANTS, LC; MR RESTAURANTS, LC; NDM RESTAURANTS, LC; and NKS RESTAURANTS, LC,<br><br>Debtors-in-Possession. | Bankruptcy Case No. 23-20731-KRA<br>Bankruptcy Case No. 23-20732-KRA<br>Bankruptcy Case No. 23-20733-KRA<br>Bankruptcy Case No. 23-20736-KRA<br>Bankruptcy Case No. 23-20737-KRA<br>Bankruptcy Case No. 23-20738-KRA<br>Bankruptcy Case No. 23-20739-KRA<br><br>Chapter 11<br><br>Judge Kevin R. Andereson<br><br>**Jointly Administered Under**<br>**Bankruptcy Case No. 23-20731-KRA**<br><br>[Filing Relates to Case No(s). _____]<br><br>[Filed via ECF] |

8. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible. Joint administration typically involves the use of a single docket for administrative matters and "the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly." Fed. Rule Bank. P. 1015 Adv. Comm. Note (1983).

9. "Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claims or the respective debtor estates." *In re McKenzie Energy Corp.*, 228 B.R. 854, 857 (Bankr. S.D. Tex. 1998). Thus, "joint administration or administrative consolidation is merely a procedural device which enables a court to efficiently oversee multiple estates." *In re Babcock & Wilcox Co.*, 250 F.3d 955, 958 n.6 (5th Cir. 2001).

10. Joint administration is appropriate in these chapter 11 cases because the Debtors' financial affairs and business operations are related, and joint administration of the chapter 11 cases will ease administrative burden on the court and other parties in interest. The Debtors are affiliates under the meaning of § 101(2). Debtors MR, HR, NDM, NKS and AZM are wholly owned subsidiaries of Loveloud; Loveloud is the wholly owned subsidiary of Meridian. Attached hereto as **<u>Exhibit 1</u>** is a corporate organizational chart for the Debtors.

11. Joint administration will avoid duplicate notices, applications, motions, and orders, thereby saving the Debtors considerable time and expense. For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the respective estates of the various debtors and other parties in interest.

12. Moreover, the rights of creditors and other parties in interest will not be adversely affected by joint administration of the Meridian Case and the Subsidiary Cases, because the relief sought in this motion is purely procedural and is in no way intended to affect substantive rights. Indeed, the rights of creditors and parties in interest will be enhanced by the reduced costs that will result from joint administration. The Court will also be relieved of the burden of hearing duplicative motions, entering duplicative orders, and maintaining duplicative files. Supervision of the administrative aspects of these cases by the United States Trustee also will be simplified and streamlined.

13. Lastly, the Debtors respectfully request the Court permit use of a combined service list and correspondingly combined notices. The official mailing matrixes for all seven chapter 11 cases are substantively identical, and many of Meridian's filings will relate to all seven Debtors and would likely serve the same creditors and parties in interest. Requiring the

Debtors to serve seven separate copies of pleadings seeking the same relief as to all seven Debtors would be a substantial waste of estate resources and be to the detriment of the Debtors' creditors.

**NOTICE**

14. The Debtors filed contemporaneously with this motion a *Ex Parte Motion for an Order Shortening Time for Notice of and the Hearing on: First Day Motions* (the "Motion for Expedited Hearing"). In the Motion for Expedited Hearing, the Debtors request the Court hold an expedited hearing on the Debtors' *Motion for Entry of Order: (I) Authorizing, but not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries and Other Compensation and (C) Continue Employee Benefits Programs and (II) Granting Related Relief* (the "Prepetition Wages Motion"), *Motion for Entry of Interim Order Authorizing the Debtors to (A) Continue to Operate Their Cash Management System on an Interim Basis, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Setting a Final Hearing, and (E) Granting Related Relief* (the "Cash Management Motion"), *Motion for Entry of Interim Order: (A) Directing Joint Administration and Procedural (But Not Substantive) Consolidation of Related Chapter 11 Cases; (B) Setting a Final Hearing; and (C) Granting Related Relief* (the "Joint Administration Motion"); and *Motion for Entry of Order Authorizing, but not Directing, the Payment of Certain Prepetition Taxes and Granting Related Relief* (the "Prepetition Taxes Motion").[4]

15. Pursuant to Local Bankruptcy Rule 1015-1, Copies of the Motion for Expedited Hearing and this motion, will be served by hand delivery, over-night mail, facsimile, or email to:

---

[4] Debtors have not filed a Motion to Use Cash Collateral because no party has a perfected security interest in the Debtors, deposit accounts, account receivable or inventory. City National Bank previously held a perfected security interest against the Debtors' personal property assets, however each of its UCC-1 financing statements lapsed prior to the filing of this case and thus no longer holds valid security interest in cash collateral.

(i) the Office of the United States Trustee; (ii) the Debtors' consolidated list of 30 largest unsecured creditors; (iii) all secured creditors; (iv) the IRS and other relevant government agencies; (v) all parties who have requested notice; and (vi) any party whose interest in property of the estate will be directly affected by the relief requested in this motion..

WHEREFORE, the Debtors respectfully request the Court enter an order, in the form filed contemporaneously herewith: (a) directing the joint administration and procedural (but not substantive) consolidation of the Meridian Case and the Subsidiary Cases, under the caption set forth above; (b) authorizing a combined service list for the jointly administered cases, and combined notices to creditors and parties in interest for all of the cases; (c) authorizing and directing the use of the proposed caption set forth in paragraph 6 above, and (d) granting the such other and further relief as the Court deems just and proper under the circumstances.

DATED: March 3, 2023

Respectfully submitted,

RAY QUINNEY & NEBEKER P.C.

By: */s/ Michael R. Johnson*
Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Tel: (801) 532-1500
Email: mjohnson@rqn.com
Email: dleigh@rqn.com
Email: emonson@rqn.com

*Proposed Counsel for the Debtor-In-Possession*

-- and --

MARKUS WILLIAMS YOUNG & HUNSICKER LLC

By: */s/ William G. Cross*
James T. Markus *(pro hac vice pending)*
William G. Cross *(pro hac vice pending)*
Lacey S. Bryan *(pro hac vice pending)*
1775 Sherman Street, Suite 1950
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
Email: jmarkus@markuswilliams.com
Email: wcross@markuswilliams.com
Email: lbryan@markuswilliams.com

*Proposed Counsel for the Debtor-In-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that March 3, 2023 I electronically filed the foregoing **MOTION FOR ENTRY OF INTERIM ORDER: (A) DIRECTING JOINT ADMINISTRATION AND PROCEDURAL (BUT NOT SUBSTANTIVE) CONSOLIDATION OF RELATED CHAPTER 11 CASES; (B) SETTING A FINAL HEARING; AND (C) GRANTING RELATED RELIEF** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, including the United States Trustee, who are registered CM/ECF users will be served through the CM/ECF system.

/s/ Carrie Hurst