*Prepared and Submitted by:*

Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Tel: (801) 532-1500
Email: mjohnson@rqn.com
Email: dleigh@rqn.com
Email: emonson@rqn.com

James T. Markus *(pro hac vice pending)*
William G. Cross *(pro hac vice pending)*
Lacey S. Bryan *(pro hac vice pending)*
**MARKUS WILLIAMS YOUNG &
HUNSICKER LLC**
1775 Sherman Street, Suite 1950
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
Email: jmarkus@markuswilliams.com
Email: wcross@markuswilliams.com
Email: lbryan@markuswilliams.com

*Proposed Counsel for the Debtor-In-
Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**MERIDIAN RESTAURANTS UNLIMITED, LC,** a Utah limited liability company,<br><br>Tax ID No. 22-3863257,<br><br>Debtor-in-Possession. | Bankruptcy Case No. 23-20731-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |
| In re:<br><br>**LOVELOUD RESTAURANTS, L.C.**, a Utah limited liability company,<br><br>Tax I.D. No. 87-3720443,<br><br>Debtor-in-Possession. | Bankruptcy Case No. 23-20732-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |

{Z0410901/1 }                              1

4891-8629-5635, v. 1

In re:

**AZM RESTAURANTS, L.C.**, a Utah limited liability company,

Tax I.D. No. 47-3131673,

      Debtor-in-Possession.

Bankruptcy Case No. 23-20733-KRA

Chapter 11

Honorable Kevin R. Anderson

[Filed Electronically]

In re:

**HR RESTAURANTS, L.C.**, a Utah limited liability company,

Tax I.D. No. 26-2114591,

      Debtor-in-Possession.

Bankruptcy Case No. 23-20736-KRA

Chapter 11

Honorable Kevin R. Anderson

[Filed Electronically]

In re:

**MR RESTAURANTS, L.C.**, a Utah limited liability company,

Tax I.D. No. 27-2405774,

      Debtor-in-Possession.

Bankruptcy Case No. 23-20737-KRA

Chapter 11

Honorable Kevin R. Anderson

[Filed Electronically]

In re:

**NDM RESTAURANTS, L.C.**, a Utah limited liability company,

Tax I.D. No. 47-1791172,

      Debtor-in-Possession.

Bankruptcy Case No. 23-20738-KRA

Chapter 11

Honorable Kevin R. Anderson

[Filed Electronically]

{Z0410901/1 }

2

4891-8629-5635, v. 1

| | |
|---|---|
| In re:<br><br>**NKS RESTAURANTS, L.C.**, a Utah limited liability company,<br><br>Tax I.D. No. 82-3393400,<br><br>Debtor-in-Possession. | Bankruptcy Case No. 23-20739-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |

### INTERIM ORDER AUTHORING AND DIRECTING THE JOINT ADMINISTRATION AND PROCEDURAL (BUT NOT SUBSTANTIVE) CONSOLIDATION OF RELATED CHAPTER 11 CASES

This matter came before the Court on March 7, 2023, at 10:00 a.m., in Case No. 23-20731-KRA filed by Debtor Meridian Restaurants Unlimited, L.C., a Utah Limited liability company (the "Meridian Case") for hearing, on shortened notice, of the *Motion for Entry of Interim Order: (A) Directing Joint Administration and Procedural (But Not Substantive) Consolidation of Related Chapter 11 Cases; (B) Setting a Final Hearing; and (C) Granting Related Relief* (the "Motion") filed by Debtors Meridian Restaurants Unlimited, L.C., a Utah Limited liability company ("Meridian"), debtor-in-possession in the chapter 11 case of In re Meridian Restaurants Unlimited, L.C., case no. 23-20731-KRA (the "Meridian Case"), Loveloud Restaurants, L.C. ("Loveloud"), debtor-in-possession in the chapter 11 case of In re Loveloud Restaurants, L.C., case no. 23-20732-KRA (the "Loveloud Case"), debtor AZM Restaurants, L.C. ("AZM"), debtor-in-possession in the chapter 11 case of In re AZM Restaurants, L.C., case no. 23-20733-KRA (the "AZM Case"), debtor HR Restaurants, L.C. ("HR"), debtor-in-possession in the chapter 11 case of In re HR Restaurants, L.C., case no. 23-20736-KRA (the "HR Case"), debtor MR Restaurants, L.C. ("MR"), debtor-in-possession in the chapter 11 case of In re MR Restaurants, L.C., case no. 23-20737-KRA (the "MR Case"), debtor NDM Restaurants,

L.C. ("NDM"), debtor-in-possession in the chapter 11 case of In re NDM Restaurants, L.C., case

no. 23-20738-KRA (the "NDM Case"), and debtor NKS Restaurants, L.C. ("NKS"),[1] debtor-in-

possession in the chapter 11 case of In re NKS Restaurants, L.C., case no. 23-20739-KRA (the

"NKS Case").[2]   At the hearing, James T. Markus and Michael R. Johnson represented the

Debtors, and other parties in interest noted their appearances upon the record.

In the Motion, the Debtors have requested that the Court enter an interim order: (i)

authorizing and directing on an interim basis the joint administration and procedural (but not

substantive at this time) consolidation of the Meridian Case and the Subsidiary Cases, with the

Meridian Case serving as the lead case; (ii) authorizing the Debtors' use of a combined and

consolidated creditor and mailing matrix for the chapter 11 cases; (iii) setting a final hearing

("Final Hearing") on the relief requested in the Motion on a final basis (the "Final Order"); and

(iv) granting related relief.

Prior to the hearing, the Court carefully considered the Motion and all papers that were

filed in support of and in opposition thereto.  At the hearing, the Court carefully considered the

arguments and representations of counsel and all other parties in interest.  At the conclusion of

the hearing, the Court made its findings and conclusions upon the record, and those findings and

conclusions are incorporated herein by this reference.

Based upon the foregoing, and good cause appearing therefore, **IT IS HEREBY
ORDERED** as follows:

---

[1] Meridian, Loveloud, AZM, HR, MR, NDM, and NKS are each a "Debtor" and collectively referred to herein as the "Debtors".

[2]  The Loveloud Case, AZM Case, HR Case, MR Case, NDM Case, and NKS Case are collectively referred to herein as the "Subsidiary Cases".

4891-8629-5635, v. 1

1.      This Court has jurisdiction over the chapter 11 cases filed by the Debtors pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G), and the Motion is a core proceeding.  Venue of the cases filed by the Debtors is appropriate under 28 U.S.C. § 1408(a).

2.      Notice of the Motion, of the deadline to object thereto and of the scheduled hearing thereon was adequate and appropriate under the particular circumstances, and no other notice need be given.  To the extent not resolved prior to the hearing, all objections to the Motion, if any were filed, shall be, and they hereby are, overruled.

3.      The Motion shall be, and it hereby is, granted on an interim basis as set forth herein.

4.      The chapter 11 cases filed by the seven Debtors shall be procedurally consolidated and jointly administered under the docket for the Meridian Case, *In re Meridian Restaurants Unlimited, L.C.,* Case No. 23-20731-KRA, before the Honorable Kevin R. Anderson, and with all filings (other than the filing of proofs of claim) to take place in the Meridian Case.

5.      All pleadings and other papers filed in either the Meridian Case or any case filed by any of the other Debtors (other than proofs of claim) shall bear a joint caption, in substantially the form set forth in paragraph 6 below.  Proofs of claim shall be filed against the applicable debtor(s) having liability for the claim.

6.      The Clerk of the Court shall file and maintain all pleadings, papers, and other filings in either the Meridian Case or in the cases filed by the other Debtors (other than proofs of claim) under a single pleading docket—that pleading docket being the docket for the Meridian Case—and all pleadings, papers, proofs of claim or other filings relating to either the Meridian Case or the cases filed by the other Debtors shall bear a single joint caption, in the form

4891-8629-5635, v. 1

substantially similar to the following (with parties in interest noting on the joint caption of their

filing to which case(s) their filing relates):

**[RECOMMENDED CAPTION]**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>MERIDIAN RESTAURANTS UNLIMITED, LC; LOVELOUD RESTAURANTS, LC; AZM RESTAURANTS, LC; HR RESTAURANTS, LC; MR RESTAURANTS, LC; NDM RESTAURANTS, LC; and NKS RESTAURANTS, LC,<br><br>   Debtors-in-Possession. | Bankruptcy Case No. 23-20731-KRA<br>Bankruptcy Case No. 23-20732-KRA<br>Bankruptcy Case No. 23-20733-KRA<br>Bankruptcy Case No. 23-20736-KRA<br>Bankruptcy Case No. 23-20737-KRA<br>Bankruptcy Case No. 23-20738-KRA<br>Bankruptcy Case No. 23-20739-KRA<br><br>Chapter 11<br><br>Judge Kevin R. Anderson<br><br>**Jointly Administered Under Bankruptcy Case No. 23-20731-KRA**<br><br>[Filing Relates to Case No(s). _____]<br><br>[Filed via ECF] |

7.      The separate bankruptcy estates of the Debtors shall not be substantively

consolidated at this time.  This Order is without prejudice, however, to the ability of the Debtors

or any other party in interest to request substantive consolidation of the separate estates of the

Debtors, after appropriate notice and a hearing.

8.      The Debtors shall serve a copy of this Interim Order on each of the parties listed

on the official mailing matrix for the Meridian Case as of _____, 2023, as well as on

all parties, if any, listed on the official mailing matrix for any of the other Debtors as of

_____, 2023 who do not already appear on the official mailing matrix for the

Meridian Case.

9.       The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on

_____, 2023 at ____:_____ a.m./p.m., prevailing Mountain Time.   Any objections or

responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing

Mountain Time, on _____, 2023, and shall be served on:  (i) proposed counsel to the

Debtors, (a) Ray Quinney & Nebeker, P.C. 36 South State Street, 14th Floor, Salt Lake City,

Utah 84111, Attn: Michael R. Johnson (mjohnson@rqn.com); and (b) Markus Williams Young

& Hunsicker, LLC, 1775 Sherman Street, Suite 1950, Denver, Colorado 80203 Attn: James T.

Markus (jmarkus@markuswilliams.com) and William G. Cross (wcross@markuswilliams.com);

(ii) The Office of the United State Trustee, Attn: David W. Newman, Asst. U.S. Trustee, 405

South Main Street, Suite 300, Salt Lake City, Utah 84111; and (iii) counsel to any statutory

committee appointed in these cases (if any).  In the event no objections to entry of a final order

on the Motion are timely received, this Court may enter such final order without need for the

Final Hearing.

For the avoidance of any doubt, this Order is hereby approved and authorized in each of

the Debtors' cases, i.e., Case Nos. 23-20731-KRA, 23-20732-KRA, 23-20733-KRA, 23-20736-

KRA, 23-20737-KRA, 23-20738-KRA, and 23-20739-KRA.

---------------------------------------------END OF DOCUMENT---------------------------------------------

4891-8629-5635, v. 1