*Prepared and Submitted by:*

| | |
|---|---|
| Michael R. Johnson (7070) | James T. Markus *(pro hac vice pending)* |
| David H. Leigh (9433) | William G. Cross *(pro hac vice pending)* |
| Elaine A. Monson (5523) | Lacey S. Bryan *(pro hac vice pending)* |
| **RAY QUINNEY & NEBEKER P.C.** | **MARKUS WILLIAMS YOUNG &** |
| 36 South State Street, 14th Floor | **HUNSICKER LLC** |
| Salt Lake City, Utah 84111 | 1775 Sherman Street, Suite 1950 |
| Tel: (801) 532-1500 | Denver, Colorado 80203-4505 |
| Email: mjohnson@rqn.com | Telephone (303) 830-0800 |
| Email: dleigh@rqn.com | Facsimile (303) 830-0809 |
| Email: emonson@rqn.com | Email: jmarkus@markuswilliams.com |
| | Email: wcross@markuswilliams.com |
| *Proposed Counsel for the Debtor-In-Possession* | Email: lbryan@markuswilliams.com |

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**MERIDIAN RESTAURANTS UNLIMITED, LC,** a Utah limited liability company,<br><br>Tax ID No. 22-3863257,<br><br>Debtor-in-Possession. | Bankruptcy Case No. 23-20731-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |
| In re:<br><br>**LOVELOUD RESTAURANTS, L.C.**, a Utah limited liability company,<br><br>Tax I.D. No. 87-3720443,<br><br>Debtor-in-Possession. | Bankruptcy Case No. 23-20732-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |

{Z0410901/1 }        1

4878-1102-2675, v. 1

| | |
|---|---|
| In re: **AZM RESTAURANTS, L.C.**, a Utah limited liability company, Tax I.D. No. 47-3131673, Debtor-in-Possession. | Bankruptcy Case No. 23-20733-KRA Chapter 11 Honorable Kevin R. Anderson [Filed Electronically] |
| In re: **HR RESTAURANTS, L.C.**, a Utah limited liability company, Tax I.D. No. 26-2114591, Debtor-in-Possession. | Bankruptcy Case No. 23-20736-KRA Chapter 11 Honorable Kevin R. Anderson [Filed Electronically] |
| In re: **MR RESTAURANTS, L.C.**, a Utah limited liability company, Tax I.D. No. 27-2405774, Debtor-in-Possession. | Bankruptcy Case No. 23-20737-KRA Chapter 11 Honorable Kevin R. Anderson [Filed Electronically] |
| In re: **NDM RESTAURANTS, L.C.**, a Utah limited liability company, Tax I.D. No. 47-1791172, Debtor-in-Possession. | Bankruptcy Case No. 23-20738-KRA Chapter 11 Honorable Kevin R. Anderson [Filed Electronically] |

| | |
|---|---|
| In re:<br><br>**NKS RESTAURANTS, L.C.**, a Utah limited liability company,<br><br>Tax I.D. No. 82-3393400,<br><br>Debtor-in-Possession. | Bankruptcy Case No. 23-20739-KRA<br><br>Chapter 11<br><br>Honorable Kevin R. Anderson<br><br>[Filed Electronically] |

**INTERIM ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF INTERIM ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM ON AN INTERIM BASIS, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, (D) SETTING A FINAL HEARING, AND (E) GRANTING RELATED RELIEF**

This matter came before the Court on March 7, 2023 at 10:00 a.m., in Case No. 23-20731-KRA filed by Debtor Meridian Restaurants Unlimited, L.C., a Utah Limited liability company (the "Meridian Case") for hearing, on shortened notice, of the *Debtors' Motion for Entry of Interim Order Authorizing the Debtors to (A) Continue to Operate Their Cash Management System on an Interim Basis, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Setting a Final Hearing, and (E) Granting Related Relief* (the "Motion") filed by Debtors Meridian Restaurants Unlimited, L.C., a Utah Limited liability company ("Meridian"), debtor-in-possession in the chapter 11 case of In re Meridian Restaurants Unlimited, L.C., case no. 23-20731-KRA (the "Meridian Case"), Loveloud Restaurants, L.C. ("Loveloud"), debtor-in-possession in the chapter 11 case of In re Loveloud Restaurants, L.C., case no. 23-20732-KRA (the "Loveloud Case"), debtor AZM Restaurants, L.C. ("AZM"), debtor-in-possession in the chapter 11 case of In re AZM Restaurants, L.C., case no. 23-20733-KRA (the "AZM Case"), debtor HR Restaurants, L.C. ("HR"), debtor-in-possession in the chapter 11 case of In re HR Restaurants, L.C., case no. 23-20736-KRA (the

"HR Case"), debtor MR Restaurants, L.C. ("MR"), debtor-in-possession in the chapter 11 case of In re MR Restaurants, L.C., case no. 23-20737-KRA (the "MR Case"), debtor NDM Restaurants, L.C. ("NDM"), debtor-in-possession in the chapter 11 case of In re NDM Restaurants, L.C., case no. 23-20738-KRA (the "NDM Case"), and debtor NKS Restaurants, L.C. ("NKS"), debtor-in-possession in the chapter 11 case of In re NKS Restaurants, L.C., case no. 23-20739-KRA (the "NKS Case"), (Meridian, Loveloud, AZM, HR, MR, NDM, and NKS are each a "Debtor" and collectively referred to herein as the "Debtors"). At the hearing, James T. Markus and Michael R. Johnson represented the Debtors, and other parties in interest noted their appearances upon the record.

In the Motion, the Debtors have requested that the Court enter an Order: (i) authorizing, but not directing, on an interim basis the continued use of the Debtors' Cash Management System, including bank accounts and Business Forms under the existing Cash Management System, and honor certain prepetition obligations related thereto; (ii) waiving certain requirements of 11 U.S.C. § 345(b) and operating guidelines set forth in the U.S. Trustee Guidelines; (iii) scheduling a Final Hearing on the relief requested herein and entry of a Final Order; and (iv) granting related relief.

Prior to the hearing, the Court carefully considered the Motion and all papers that were filed in support of and in opposition thereto. At the hearing, the Court carefully considered the arguments and representations of counsel and all other parties in interest. At the conclusion of the hearing, the Court made its findings and conclusions upon the record, and those findings and conclusions are incorporated herein by this reference.

Based upon the foregoing, and good cause appearing therefore, **IT IS HEREBY ORDERED** as follows:

1.     This Court has jurisdiction over the chapter 11 cases filed by the Debtors pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G), and the Motion is a core proceeding. Venue of the cases filed by the Debtors is appropriate under 28 U.S.C. § 1408(a).

2.     Notice of the Motion, of the deadline to object thereto and of the scheduled hearing thereon was adequate and appropriate under the particular circumstances, and no other notice need be given. To the extent not resolved prior to the hearing, all objections to the Motion, if any were filed, shall be, and they hereby are, overruled.

3.     The Motion is granted on an interim basis as set forth herein.

4.     The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023 at ____:_____ a.m./p.m., prevailing Mountain Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Mountain Time, on _____, 2023, and shall be served on: (i) proposed counsel to the Debtors, (a) Ray Quinney & Nebeker, P.C. 36 South State Street, 14th Floor, Salt Lake City, Utah 84111, Attn: Michael R. Johnson (mjohnson@rqn.com); and (b) Markus Williams Young & Hunsicker, LLC, 1775 Sherman Street, Suite 1950, Denver, Colorado 80203 Attn: James T. Markus (jmarkus@markuswilliams.com) and William G. Cross (wcross@markuswilliams.com); (iii) Wells Fargo Bank, N.A., Attn: SAO/L #46005, PO Box 41389, Austin, Texas 78704; (iv) Zions National Bank, P.O. Box 30709, Salt Lake City, Utah 84130; (v) counsel to any statutory committee appointed in these cases; (vi) The Office of the United State Trustee, Attn: David W. Newman, Asst. U.S. Trustee, 405 South Main Street, Suite 300, Salt Lake City, Utah 84111. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

5. Except as otherwise provided herein, the Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue operating the Cash Management System, substantially as identified on <u>Exhibit 1</u> attached to the Motion; (b) honor their prepetition obligations related thereto; (d) utilize existing business forms; and (e) continue performing under and honoring their respective obligations and transactions related to Intercompany Transactions and Non-Debtor Affiliate Transactions in the ordinary course of business, consistent with historical practice.

6. The Debtors are further authorized, on an interim basis and in their sole discretion, to: (a) continue to use, with the same account numbers, the Wells Operating Account and Zions Deposit Account (together, the "<u>Collection Accounts</u>") in existence as of the Petition Date; (b) use, in their present form, all existing correspondence and business forms (including letterhead and preprinted checks), as well as other documents related to the Collection Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; *provided that* to the extent applicable, once the Debtors have exhausted their existing supply of checks and forms, the Debtors will reorder checks and forms with the designation "Debtor in Possession" and the corresponding bankruptcy number on all such checks and forms; *provided further that* within 14 days of the entry of this Interim Order, the Debtors will update any electronically produced checks to reflect their status as debtors-in-possession; (c) treat the Collection Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from Collection Accounts by all usual means, including checks, ACH/wire transfers, and other debits; and (e) pay any ordinary course Bank Fees incurred in connection with the Collection Accounts, irrespective of whether such

fees arose prior to the Petition Date, and to otherwise perform their obligations under the documents governing the Collection Accounts.

7. Wells Fargo and Zions Bank are authorized to continue to maintain, service, and administer the Collections Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts and ACHs/wires issued and drawn on the Collections Accounts after the Petition Date by the holders or makers thereof, as the case may be.

8. Before entry of this Order, to the extent either Wells Fargo or Zions Bank placed a hold on the Operating Accounts for checks, drafts and ACHs/wires issued or presented after the Petition Date, but after entry of this Interim Order, the hold will be lifted and checks, drafts and ACHs/wires will be honored unless a stop payment has been issued.

9. The Debtors are authorized, on an interim basis, to enter into and engage in the Intercompany Transactions, and to take any actions related thereto on the same terms as, and materially consistent with, the Debtors' operation of the business in the ordinary course. All postpetition Intercompany Transactions between a Debtor and another Debtor are hereby accorded administrative expense priority status.

10. The Debtors are authorized, on an interim basis, to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System consistent with prepetition practices. For the avoidance of doubt, the Debtors may only make payments or other transfers to, or set off mutual obligations with, non-Debtor affiliates to the extent such transactions are consistent with the Debtors' ordinary course of business in the prepetition period. The Debtors will maintain records in the ordinary course reflecting transfers of cash, if any, so as to permit all such transactions, including Intercompany Transactions, to be

ascertainable, traceable and properly recorded and shall make such records available to the U.S. Trustee. The Debtors shall include a detailed accounting of all Intercompany Transactions in the Debtors' monthly operating reports.

11. In the course of providing cash management services to the Debtors, each of the banks at which the Operating Accounts are maintained is authorized, without further order of this Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the Debtors, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH/wire transfers or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

12. Subject to the terms set forth herein, including without limitation Paragraph 8 hereof, Wells Fargo and Zions Bank are authorized to debit the Debtors' accounts in the ordinary course and without further order of this Court on account of all checks that have been drawn on the Debtors' accounts which have been cashed at such banks' counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

13. Subject to the terms set forth herein, each of the banks at which Collection Accounts are maintained is authorized to and may rely upon the representations of the Debtors with respect to whether any check, draft, ACH/wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this

Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of customary item handling procedures, shall be deemed to be nor shall be liable to the Debtors or their estates on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

14. Any and all banks are further authorized to (a) honor the Debtors' directions with respect to the opening and closing of any Collection Account and (b) accept and hold the Debtors' funds in accordance with the Debtors' instructions; *provided that* the Debtors' banks shall not have any liability to any party for relying on such representations.

15. The Debtors are authorized to open any new bank accounts or close any existing bank accounts as they may deem necessary and appropriate in their sole discretion; *provided that* the Debtors shall give notice within fifteen (15) days to the U.S. Trustee and any statutory committees appointed in these chapter 11 cases of the opening or closing of any bank accounts; *provided*, *further*, *that* the Debtors shall open any such new bank account at banks that are designated as authorized depositories by the Office of the United States Trustee for Region 19.

16. Nothing contained herein shall permit any bank to terminate any cash management services without thirty (30) days prior written notice to the Debtors, U.S. Trustee, and any official committee appointed in these chapter 11 cases.

17. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

18. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

19. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Bank Fees.

20. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to 11 U.S.C. § 365; (f) a waiver or limitation of the Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

21. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

22. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and any applicable Local Rules are satisfied by such notice.

23. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

24. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

25.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

26.    The Debtors shall serve a copy of this Interim Order on each of the parties listed on the official mailing matrix for the Meridian Case as of _____, 2023, as well as on all parties, if any, listed on the official mailing matrix for any of the other Debtors as of _____, 2023 who do not already appear on the official mailing matrix for the Meridian Case.

For the avoidance of any doubt, this Order is hereby approved and authorized in each of the Debtors' cases, i.e., Case Nos. 23-20731-KRA, 23-20732-KRA, 23-20733-KRA, 23-20736-KRA, 23-20737-KRA, 23-20738-KRA, and 23-20739-KRA.

---------------------------------------------END OF DOCUMENT-------------------------------------------