David W. Newman (USB #15901)
Assistant United States Trustee
Peter J. Kuhn (USB #3820)
Matthew J. Burne (USB #18605)
Melinda P. Willden (USB #8533)
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 524-5734
Facsimile: (801) 524-5628
E-mail: David.W.Newman@usdoj.gov
        Peter.J.Kuhn@usdoj.gov
        Matthew.Burne@usdoj.gov
        Melinda.Willden@usdoj.gov

Attorneys for Patrick S. Layng
United States Trustee, Region 19

---

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Case No. 23-20731-KRA |
| | Bankruptcy Case No. 23-20732-KRA |
| MERIDIAN RESTAURANTS UNLIMITED, | Bankruptcy Case No. 23-20733-KRA |
| LC; LOVELOUD RESTAURANTS, LC; | Bankruptcy Case No. 23-20736-KRA |
| AZM RESTAURANTS, LC; HR | Bankruptcy Case No. 23-20737-KRA |
| RESTAURANTS, LC; MR | Bankruptcy Case No. 23-20738-KRA |
| RESTAURANTS, LC; NDM | Bankruptcy Case No. 23-20739-KRA |
| RESTAURANTS, LC; and NKS | |
| RESTAURANTS, LC, | Chapter 11 |
| | |
| Debtors-in-possession. | Hon. Kevin R. Anderson |
| | |
| | [Filing relates to all cases] |

---

## UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATIONS TO EMPLOY RAY QUINNEY & NEBEKER P.C. AS THEIR GENERAL LOCAL BANKRUPTCY COUNSEL AND LITIGATION COUNSEL

The United States Trustee ("UST"), through his counsel, objects to the Debtors'[1]

Applications to Employ Ray Quinney & Nebeker P.C. ("Counsel") as their General Local

Bankruptcy and Litigation Counsel ("Applications") (dkt. 7)[2] in the Lead Case and as filed in the

jointly administered cases for the reasons stated below.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF JURISDICTION AND FACTS

### A. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2).

### B. Summary Of The Facts

1.      On March 2, 2023 (the "Petition Date"), the Debtors each filed a petition for relief

under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District

of Utah ("Court").

2.      According to the Debtors, they are affiliates within the meaning of 11 U.S.C. §

101(2). According to the Debtors, their relationship and ownership structure is that MR, HR,

---

[1] The term "Debtors" as used herein collectively refers to: Meridian Restaurants Unlimited, LC ("Meridian"); Loveloud Restaurants, LC ("Loveloud"); AZM Restaurants, LC ("AZM"); HR Restaurants, LC ("HR"); MR Restaurants, LC ("MR"); NDM Restaurants, LC ("NDM"); and NKS Restaurants, LC ("NKS"), which are the Debtors in the above captioned cases that are being jointly administered under the case of In re Meridian Restaurants Unlimited, LC, et al, Case No. 23-20731 ("Lead Case").

[2] The Debtors also filed Applications in their respective cases. The UST objects to those Applications as well, but files this consolidated objection in accordance with the Court's order (See dkt. 57) directing that the Debtors' cases be jointly administered under the Lead Case, and pursuant to Local Rule 1015-1. As used in this objection, the term "Applications" refers to all applications to employ counsel.

NDM, NKS, and AZM are wholly owned subsidiaries of Loveloud, which in-turn is a wholly

owned subsidiary of Meridian. (*See* Applications at ¶ 8). A graphic representation of the

Debtors' relationships / ownership is contained in the organization chart filed by the Debtors as

Exhibit "1" to the Declaration of James Winder in Support of First Day Relief. (Dkt. 25) A copy

of the organization chart is attached hereto as Exhibit "A".

       3.      The Debtors are debtors-in-possession.

       4.      Each Debtor has filed its List of Creditors Who Have the 20 Largest Unsecured

Claims and Are Not Insiders (collectively the "20 Largest Lists") in their respective cases. The

UST prepared a chart comparing the 20 Largest Lists ("20 Largest Chart") attached hereto as

Exhibit "B."

       5.      On March 3, 2023, the Debtors filed Applications seeking to employ the firm of

Ray Quinney & Nebeker P.C. as debtor-in-possession's general local bankruptcy and litigation

counsel under 11 U.S.C. § 327. (*See* dkt. 7) Attached to the Applications is the Verified

Statement of Michael R. Johnson ("Rule 2014 Statements"). (*See* dkt. 7 at p. 18) According to

the certificate of service, the Applications and Rule 2014 Statements have only been served on

Debtors' counsel and the UST. (Dkt. 7 at p. 14) The Applications and 2014 Statements represent

that Counsel is disinterested and does not hold or represent any interest adverse to the Debtors'

estates. (Applications at p. 8)

       6.      The Applications state that Counsel is informed there are:

      "certain intercompany receivables owed and owing between and among the

      various Debtors. Notwithstanding the existence of the intercompany receivables,

3

[Counsel] does not believe its representation of the Meridian Debtors[3] represents

any actual or potential conflict of interest, or otherwise prevents [Counsel] from

being 'disinterested.' However, [Counsel] has informed each of the Debtors that

should disputes, contested matters or adverse litigation arise between and/or

among the Meridian Debtors with respect to the intercompany receivables, the

Debtors will be required to retain separate conflicts counsel for such matters."

(Applications at ¶ 20).

The Debtors have advised the UST that they did not have a written agreement regarding their

cash management system and the corresponding transfers and debts. The Applications do not

explain whether amounts transferred were actually earned by the respective Debtor-transferees,

were transferred based on operational needs, or based on other considerations.

7.      The Applications states that the Debtors "have been apprised of the fact that

certain creditors and other interested parties in this case are current or former clients of

[Counsel]." (Applications at ¶ 19). The 2014 Statements disclose the identities of these creditors

and interested parties.

8.      The Applications state that "Consistent with the Debtors' existing cash

management systems, the entire retainer [$150,000] was paid by Meridian and has been allocated

to the Debtors as set forth above." (Applications at ¶ 23) The Applications state that fees for pre-

petition services were paid from the retainer prior to filing the Chapter 11 petition. (*Id*. at ¶ 24)

The Applications do not explain what agreements, if any, exist among the Debtors regarding the

retainers. It also states t hat Counsel "asserts a security interest in this retainer pursuant to its

---

[3] "Meridian Debtors" refers collectively to all the affiliated debtors.

engagement agreement with the Meridian Debtors, its possession of the retainer, and applicable non-bankruptcy law." (Applications at ¶ 24)

9.      The Applications and 2014 Statements do not state whether any of the transfers were gifts or loans. The Applications and 2014 Statements do not analyze whether any of the transfers are potentially avoidable or whether the various estates have competing claims to assets.

10.     Counsel concludes it is disinterested and that it "does not believe its representation of the Debtors represents any actual or potential conflict of interest, or otherwise prevents [Counsel] from being "disinterested." (Applications at ¶ 20) Counsel's conclusion lacks factual details and analysis.

11.     The Applications may seek a findings under 11 U.S.C. § 328(a). (Applications at ¶ 7) To the extent it seeks finds, those may include findings that Counsel holds a security interest in the retainers that is superior to other administrative expenses. No motion has been filed authorizing Counsel to acquire a security interest in property of the estate. The Applications may also seek findings under 11 U.S.C. § 328(a) that the transfers of funds for the retainers and Counsel's hourly fees are approved by the Court.

12.     As of the preparation of this objection, the Debtors have not filed schedules or statements of financial affairs. They have sought an extension of the time to file these documents to and including April 6, 2023.[4]

---

[4] The UST reserves the right to supplement this objection based on information contained in the Debtors' future schedules and statements of financial affairs.

13.    As of the preparation of this objection, the Debtors' cases have been ordered jointly administered but have not been substantively consolidated. Substantive consolidation would affect some of the grounds for this objection.

## II. <u>ARGUMENT</u>

"An applicant under 327(a) has the burden of establishing by application and accompanying affidavit that its chosen professional is qualified." *Interwest Bus. Equip. v. United States Tr. (In re Interwest Bus. Equip.)*, 23 F.3d 311, 318 (10th Cir. 1994) (affirming denial of employment application of counsel seeking to simultaneously represent three interrelated debtors-in-possession). Counsel has not met this burden because it has not shown that it does not represent a party with an interest adverse to the respective Debtor's estates, is "disinterested," and does not have actual conflicts of interest by reason of representing affiliated debtors which are also creditors. *See* 11 U.S.C. § 327(a)(c). While substantive consolidation may resolve these issues, the case is only administratively consolidated at this time.[5] I

In addition, to the extent the Applications request approval of the retainers, any potential attorneys' liens, and hourly rates, such a request would be premature and should not be granted at this time. Finally, Counsel represents other creditors and parties in interest but has indicated it will not represent them in relation to the Debtors' bankruptcy cases. Counsel should also be required to create appropriate ethical screens.

///

///

---

[5] At this time, the UST is not taking a position whether substantive consolidation would be appropriate in any of the cases.

6

### A.    Counsel Represents Adverse Interests And Is Not Disinterested

11 U.S.C. § 327(a) requires that Counsel "not hold or represent an interest adverse to the

estate." Unless Counsel meets this "threshold" requirement, it cannot be employed as the

Debtors' counsel. *See In re Interwest Bus. Equip., Inc.*, 23 F.3d at 316 ("[S]ubsection (c) of §

327 does not preempt the more basic requirement of subsection (a))." The focus of the section

327(a) inquiry is whether the applicants "judgment and advocacy would be unclouded by divided

loyalty." Stated another way, Counsel must be "disinterested." 11 U.S.C. § 327(a); *see In re*

*7677 E. Berry Ave. Assocs., L.P.*, 419 B.R. 833, 841 (Bankr. D. Colo. 2009) ("there is,

indisputably some overlap between the section 327(a) standard and the section 101(14)(E)

disinterest requirement.") (*quoting In re Vebeliunas*, 231 B.R. 181, 189 (Bankr. S.D.N.Y. 1999)).

11 U.S.C. § 101 defines "disinterested person", among other things, as "a person that

does not have an interest materially adverse to the interest of the estate or of any class of

creditors or equity security holders, by reason of any direct or indirect relationship to, connection

with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C). The "term

disinterested is broad enough to exclude an attorney with some interest or relationship that would

even faintly color the independence and impartial attitude required by the Code and Bankruptcy

Rules." *In re South Station, LLC,* 464 B.R. 46, 56 (Bankr. D. Utah 2011) (*quoting In re C.W.*

*Mining Co.*, 448 B.R. 878 (Bankr. D. Utah 2010)).

A debtor-in-possession is a fiduciary with essentially the same duties and powers as a

Chapter 11 trustee. *See* 11 U.S.C. § 1107. Its counsel is required to "survey the landscape in

search of property of the estate, defenses to claims, preferential transfers, fraudulent conveyances

and other causes of action that may yield a recovery to the estate." *In re Interwest Bus. Equip.,*

*Inc.*, 23 F.3d at 316 (*quoting In re McKinney Ranch Assoc.*, 62 B.R. 249, 254 (Bankr. C.D. Cal. 1986). "The jaundiced eye and scowling mien of counsel for the debtor should fall upon all who have done business with the debtor recently enough to be potential targets for the recovery of assets of the estate" and "representation of any such party disqualifies counsel from representing a debtor." *In re Interwest Bus. Equip., Inc.*, 23 F.3d at 316 (*quoting In re McKinney Ranch Assoc.*, 62 B.R. 249, 255 (Bankr. C.D. Cal. 1986).

The Applications and 2014 Statements' conclusory assertions that Counsel represents no adverse interests and is disinterested, notwithstanding intercompany transfers and debt cannot substitute for disclosure of the underlying facts. *See Winship v. Cook (In re Cook)*, 223 B.R. 782, 793 (10th Cir. BAP 1998). Having failed to meet its burden, the Applications should be denied. *See id.*; *In re Interwest Bus. Equip., Inc.*, 23 F.3d at 318 (holding that the employment application should be denied where it failed to "address any of the conflicts involved in representation of [] separate estates [ ] [e]specially in light of the management contract, and the business relationship between [the related debtors] immediately before filing").

What little has been disclosed indicates that Counsel represents interests materially adverse to the respective Debtors' classes of equity. Various Debtors own the equity interests in the other Debtors. Any Chapter 11 plan will have to address how it will be confirmed if the class of unsecured creditors does not vote in favor of the plan. The plans will need to address the Absolute Priority Rule. *See* 11 U.S.C. § 1129(b). A plan proposing the elimination of equity interests would be adverse to the equity holders. Plans proposing that equity holders retain their equity interests in exchange for new value would place Counsel in the position of seeking the highest amount of new value possible while at the same time representing equity holders seeking

to pay as little as possible. In the alternative, Counsel would have to advocate for a plan that eliminates equity holders' interest. These are disqualifying adverse interests under section 327(a). *See In re DWH I, LLC*, 2011 WL 5416317 (Bankr. D. Idaho 2011).

The present cases are like those in *In re DWH I, LLC*, 2011 WL 5416317 (Bankr. D. Idaho 2011), where simultaneous representation was rejected by the court. In *DWH I, LLC,* the court found that because the revenue from three debtors was swept into one account, there was potential for disputes between the three estates. *Id*. at *3. By representing all three debtors, counsel's zeal could be tempered when scrutinizing the transactions between the debtors. *Id*. The court noted, "[a]lthough Counsel represented that no causes against DWH currently exist under these provisions [of an indemnification agreement], in making that determination, Counsel, as attorney for both DWH and Pittsfield, is in the untenable position of evaluating whether its client, Pittsfield, has rights against its other client." *Id*. The court also noted that if one of the debtors proposed a plan that was not accepted by its unsecured creditors, counsel may be required to advocate for confirmation of a plan that eliminates another debtor's equity interests or negotiate a new value payment to confirm the plan. *Id*. "In either case, Counsel would be left advocating for competing interests." *Id*. at *4.

While Counsel may argue that *In re 7677 E. Berry Ave. Assocs., L.P.* stands for the proposition that they can simultaneously represent related debtors, there is a critical difference in this case. In that case, there was "no evidence of intercompany transfer, fraudulent transfer or other cases of action among these three debtors." *In re 7677 E. Berry Ave. Assocs., L.P.*, 419 B.R. 833, 847 (Bankr. D. Colo. 2009). In the present cases, the Applications acknowledge intercompany transfers and debts. Given the Debtors' lack of written agreements regarding these

transfers and the intercompany debts, there are likely avoidable transfers and competing claims

that assets belong to various debtors' bankruptcy estates.

Even if, for the sake of argument, counsel did not represent adverse interests, it represents

affiliated debtors which are creditors of each other creating actual conflicts of interest.

**B.**    **The Applications Fail To Show The Intercompany Transactions Do Not Create Actual Conflicts**

11 U.S.C. § 327(c) applies only when the reason for objecting to employment is that

counsel represents both the debtor-in-possession and creditor. *See In re Interwest Bus. Equip.,*

*Inc.*, 23 F.3d at 316 ("Subsection (c) addresses the situation where dual representation of a

creditor and debtor is the only reason advanced for disqualification and the professional is

otherwise qualified.") That is not the case here. As already discussed, the UST's objection also

asserts that Counsel represents adverse interests by: representing various debtors-in-possession

which are equity security holders of equity interests in other debtors-in-possession which they

must address in Chapter 11 plan; analyzing and possibly pursuing avoidance actions against the

various debtors-in-possession; and representing the debtors-in-possession in possible disputes

regarding which estates have interests in comingled funds and other assets. These kinds of

adverse interests are disqualifying. *See In re Interwest Bus. Equip., Inc.*, 23 F.3d at 316 - 17.

Even assuming for the sake of argument that Counsel does not represent adverse interests

and merely simultaneously represents debtors-in-possession which are each other's creditors,

section 327(c) has not been satisfied. Courts often find an actual conflict of interest when "inter-

company transfers [] exist, resulting in each debtor holding a claim against the other." *In re WM*

*Distribution, Inc.*, 571 B.R. 866, 872 (Bankr. D. N.M. 2017)(*citing In re Interwest Bus. Equip.,.*

23 F.3d at 318; *In re JMK Construction Group, Ltd.*, 441 B.R. 222, 234 (Bankr. S.D. N.Y.

2010)).

Counsel has failed to meet its burden because the Applications and 2014 Statements fail to provided sufficient information for the Court to determine that the intercompany claims do not create actual conflicts of interest. *See* 11 U.S.C. § 327(c) (professional who has represented creditors may be employed only if the UST or a creditor does not objection and there is no actual conflict of interest); *In re Interwest Bus. Equip., Inc.*, 23 F.3d at 318 (the application and affidavit "do not contain specific facts that would have enabled the court to rule out the conflicts"); *see also In re WM Distribution, Inc.*, 571 B.R. at 871 - 72 (courts conduct a case specific factual analysis and will not approve the appointment if there is "active competition between two interests, in which one interest can only be served as the expense of the other.") Given the failure to show there are no actual conflicts of interest, where the few facts disclosed indicate they likely exist, the Applications should not be granted.

Finally, in the event the Applications are granted, Counsel should be required to establish ethical screens in relation to its representation of creditors and parties in interest in matters unrelated to the bankruptcy cases.

**C.   No Section 328 Findings Should Be Made At This Time**

It does not appear that the Applications seek findings under 11 U.S.C. § 328(a). To the extent they do seek an order stating that the Court approves the terms of employment, including the transfers by Meridian Restaurants Unlimited to pay the other Debtors' retainers, attorneys' liens, and hourly fees, the UST objects. Such a request is premature because notice to creditors and parties in interest has not been given. The employment applications have only been served on the UST and Debtors' counsel. The Debtors have yet to file their schedules and statement of

financial affairs. Consequently, creditors have not even received notice of the bankruptcies. The UST is in the process of appointing an official committee of unsecured creditors. That committee and creditors should be given an opportunity to review these issues and, assuming they have any concerns, object.

Federal Rule of Bankruptcy Procedure 2014(a) only requires service of an application to employ under section 327 on the U.S. Trustee. Notably, Rule 2014(a)'s limited service requirement does not include requests that the Court approve the terms and conditions of employment under section 328. It is one thing to approve employment. It is quite another to approve hourly rates, transfers of funds for retainers, and find that the Debtors' attorneys have liens on the retainers which trump all others' claims to the funds. This simply cannot be done at without giving creditors notice and an opportunity to object.

If Counsel were to file a fee application, it would have to prove its hourly rates are reasonable. 11 U.S.C. § 330(1)(3). Notice of the application would have to be given to all creditors and they would have to be given an opportunity to object. *See* 11 U.S.C. § 330(a)(1); Fed. R. Bankr. P. 2002(a)(6). Approving Counsel's hourly rates as part of this application would contravene these rights.

A ruling at this early stage of the case that the transfers paying the retainers were proper could arguably defeat or complicate an official committee of unsecured creditors, possible Chapter 11 trustee, or possible Chapter 7 trustees' claims that the transfers are avoidable. In addition, there could be creditors, who have yet to even receive notice of this bankruptcy case, who assert prior security interests in the funds used for the retainers. To the extent any disputes arise regarding the validity, priority, and extent of the purported attorneys' liens, they should be

resolved via an adversary proceeding and not an application that has only been served on

Debtors' co-counsel and the UST. *See* Fed. R. Bankr. P. 7001(2). This is not a mere hypothetical

issue.

Counsel indicates it has a retainer for post-petition services. Counsel asserts it has a

security interest in the retainer funds presumably held in its attorney-client trust account. It has

not cited any law supporting the position that it has security interest in these fees. Under Utah

law, an attorney's lien "commences at the time of employment of the attorney by the client."

Utah Code Ann. § 38-2-7(1). Nevertheless, once the Debtors filed their Chapter 11 petitions,

their status change from ordinary clients to debtors-in-possession with essentially the same

fiduciary duties, powers, and limitations as a Chapter 11 trustee. *See* 11 U.S.C. § 1107. As

debtors-in-possession, they must obtain court orders approving employment of any attorneys.

*See* 11 U.S.C. § 327. This would, of course, occur post-petition.

Further, because Counsel states that pre-petitions fees and costs were drawn down before

the petitions were filed and no fees or costs were due when the petitions were filed. As a result,

there is no lien against the unearned fees in the retainer and they belong to the bankruptcy estate.

*See* 11 U.S.C. § 541; Utah Code Ann. § 38-2-7(2); Utah Rule Professional Conduct 1.15(c).[6] As

a result, attorneys' liens could only arise for post-petition services in the amounts earned and

approved by the Court. 11 U.S.C. §§ 330, 331, 1107(a).

Utah Code Ann. § 38-2-7(2) states that an attorney "has a lien for the *balance* of

compensation *due* from a client on any money property owned by the client that is the subject of

---

[6] A "lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred."

or connected with work performed for the client, including . . . any funds held by the attorney for the client, including any amounts paid as a retainer to the attorney by the client." (*Emphasis added*) In short, as there was no balance due when the petition was filed, there was no lien on the retainer funds which were property of the respective bankruptcy estates. *See Redmond v. Lentz & Clark, P.A. (In re Wagers)*, 514 F.3d 1021, 1028 - 30 (10th Cir. 2007) (holding that any portion of retainer that firm had not earned by its prepetition services was still property of debtors under Kansas law and was, therefore, included in their Chapter 7 estate).

11 U.S.C. § 362(a)(4) stays any act to create, perfect or enforce a lien against property of the estate. While 11 U.S.C. § 363(b)(1) allows the debtor-in-possession to use property outside of the ordinary course of business, such as granting a security interest in assets of the estate, authority to do so must be sought by a motion noticed to all creditors and an opportunity for a hearing. 11 U.S.C. § 363(a); Fed. R. Bankr. P. 2002(a)(2). No such motion has been filed.

In short, these issues should not be adjudicated in conjunction with an application served only on Debtors' counsel and the UST. The official committee of unsecured creditors, creditors, and parties in interest should be given notice and an opportunity to be heard.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Applications should be denied. In the event that the Court grants the Applications, the order approving the Applications should state that the Court makes no findings regarding the reasonableness of the hourly rates, validity of any attorneys' liens that may or may not exist, and transfers of funds for the retainers. In addition, Counsel should be required to establish ethical screens in relation to its representation of creditors and parties in

14

interest in matters unrelated to the bankruptcy cases.

Date:   March 24, 2023                    UNITED STATES TRUSTEE
                                          Patrick S. Layng

                                   By: /s/ *David W. Newman*
                                          David W. Newman
                                          Attorney for the United States Trustee

## CERTIFICATE OF SERVICE BY ELECTRONIC NOTICE (CM/ECF)

I hereby certify that on March 24, 2023, I caused the foregoing document to be electronically filed with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

Michael R. Johnson
mjohnson@rqn.com

Lacey S. Bryan
lbryan@markuswilliams.com

William G. Cross
wcross@markuswilliams.com

Michael R. Johnson
mjohnson@rqn.com

David H. Leigh
dleigh@rqn.com

James T. Markus
jmarkus@markuswilliams.com

## CERTIFICATE OF SERVICE BY MAIL OR OTHER MEANS

I hereby certify that on March 24, 2023, I caused a copy of the foregoing document to be uploaded to BMC Group, Inc., an approved bankruptcy notice provider, to be sent by first class mail to the parties listed below. Pursuant to the BMC Group, Inc.'s terms of service, documents uploaded for service will be mailed out within one business day of being uploaded.

**Mail Service: First-class U.S. mail, postage pre-paid, addressed to:**

Meridian Restaurants Unlimited, LC
LoveLoud Restaurants, L.C.
AZM Restaurants, LC
HR Restaurants, LC
MR Restaurants, LC
NDM Restaurants, LC'
NKS Restaurants, LC
5929 Fashion Point Drive, Suite 501
South Ogden, UT 84430

Date: March 24, 2023

/s/ *Rachelle Hughes*
Rachelle Hughes

# EXHIBIT A

# MERIDIAN RESTAURANTS ENTITY ORGANIZATION CHART



# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | | | 1212 36TH STREET, LLC 265 CEDAR LANE TEANECK, NJ 07666 | |
| | | | | | 1360 ABBOT KINNEY LLC 63 WILLIAM STREET CATSKILL, NY 12414 | |
| | | | | | | 2110 NW TOPEKA BLVD, LLC 64 OCEAN VISTA NEWPORT BEACH, CA 92660 |
| | | | | | | ALDERWOOD PARK, LLC WHITNEY PEARCE 9918 N PALISADES BLVD, FOUNTAIN HILLS, AZ 85268 |
| | | | ALSCO PO BOX 30496 BILLINGS, MT 59107-0496 | | | |
| | | | | | | ARAMARK UNIFORM & CAREER APPAREL GROUP, AUS SOUTH |

# EXHIBIT B

| 21-20731–<br>MERIDIAN<br>RESTAURANTS | 21-20732–<br>LOVELOUD<br>RESTAURANTS | 21-20733–<br>AZM<br>RESTAURANTS | 21-20736–<br>HR<br>RESTAURANTS | 21-20737–<br>MR<br>RESTAURANTS | 21-20738–<br>NDM<br>RESTAURANTS | 21-20739–<br>NKS<br>RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | | | | LOCKBOX<br>PO BOX 650977<br>DALLAS, TX<br>75265-0977 |
| | | ARC<br>CAFEHLD001,<br>LLC<br>DEPT<br>#880044/ID:<br>081167<br>PO BOX 26950<br>PHOENIX, AZ<br>85038-9650 | | | | |
| BANCLEASE<br>ACCEPTANCE<br>CORP<br>8221<br>TRISTAR<br>DRIVE<br>IRVING, TX 75063 | | | | | | |
| | | | | | | BARBARA G.<br>ZODY, TRUSTEE<br>704 A CORONADO<br>DR.<br>HUTCHINSON, KS<br>67502-2225 |
| | | | BIMBO<br>BAKERIES<br>USA, INC<br>PO BOX 412678<br>BOSTON, MA<br>02241-2678 | | | BIMBO<br>BAKERIES<br>USA, INC<br>PO BOX 412678<br>BOSTON, MA<br>02241-2678 |
| | | BK AD FUND 5505<br>BLUE LAGOON<br>DRIVE MIAMI, FL<br>33126 | BK AD FUND<br>5505 BLUE<br>LAGOON<br>DRIVE<br>MIAMI, FL 33126 | BK AD<br>FUND 5505<br>BLUE<br>LAGOON<br>DRIVE<br>MIAMI, FL 33126 | BK AD FUND<br>5505 BLUE<br>LAGOON DRIVE<br>MIAMI, FL 33126 | BK AD FUND<br>5505 BLUE<br>LAGOON<br>DRIVE<br>MIAMI, FL 33126 |

## EXHIBIT B

| 21-20731 –<br>MERIDIAN<br>RESTAURANTS | 21-20732 –<br>LOVELOUD<br>RESTAURANTS | 21-20733 –<br>AZM<br>RESTAURANTS | 21-20736 –<br>HR<br>RESTAURANTS | 21-20737 –<br>MR<br>RESTAURANTS | 21-20738 –<br>NDM<br>RESTAURANTS | 21-20739 –<br>NKS<br>RESTAURANTS |
|---|---|---|---|---|---|---|

# EXHIBIT B

| 21-20731–<br>MERIDIAN<br>RESTAURANTS | 21-20732–<br>LOVELOUD<br>RESTAURANTS | 21-20733–<br>AZM<br>RESTAURANTS | 21-20736–<br>HR<br>RESTAURANTS | 21-20737–<br>MR<br>RESTAURANTS | 21-20738–<br>NDM<br>RESTAURANTS | 21-20739–<br>NKS<br>RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | BK RE 11036 LLC 2038 OVERLAND AVE BILLINGS, MT 59102 | | | |
| | | | BK RE 5165 LLC 2038 OVERLAND AVENUE BILLINGS, MT 59102 | | | |
| | | | BK RE 7485 LLC 2038 OVERLAND AVE BILLINGS, MT 59102 | | | |
| | | | BK RE 9036 LLC 2038 OVERLAND AVE BILLINGS, MT 59102 | | | |
| | BK ROYALTY 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 | BK ROYALTY 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 | BK ROYALTY 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 | BK ROYALTY 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 | BK ROYALTY 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 | BK ROYALTY 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 |
| | | | | | BOBCAT 04290 PO BOX 35 TUALATIN., OR 97062 | |
| | | | | | BOBCAT 05684 PO BOX 35 TUALATIN., OR 97062 | |

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | | | BOBCAT 12139 PO BOX 35 TUALATIN., OR 97062 | |
| | | BRANDED GROUP, INC 222 S HARBOR BLVD. STE 500 ANAHEIM, CA 92805 | | | | BRANDED GROUP, INC 222 S HARBOR BLVD. STE 500 ANAHEIM, CA 92805 |
| | BURGER KING CORPORATION 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 | BURGER KING CORPORATION 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 | BURGER KING CORPORATION 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 | | | BURGER KING CORPORATION 5505 BLUE LAGOON DRIVE MIAMI, FL 33126 |
| | | | | CHERNG FAMILY TRUST 1120 N TOWN CENTER DR STE 150 LAS VEGAS, NV 89144 | | |
| CITY NATIONAL BANK PO BOX 60938 LOS ANGELES, CA 90060-0938 | CITY NATIONAL BANK P.O. BOX 60938 LOS ANGELES, CA 90060-0938 | CITY OF SIERRA VISAT - 6879 PO BOX 52413 PHOENIX, AZ 85072-2413 | | | | |
| | | | | | | COCA-COLA USA PO BOX 102703 ATLANTA, GA 30368 |

# EXHIBIT B

| 21-20731–<br>MERIDIAN<br>RESTAURANTS | 21-20732–<br>LOVELOUD<br>RESTAURANTS | 21-20733–<br>AZM<br>RESTAURANTS | 21-20736–<br>HR<br>RESTAURANTS | 21-20737–<br>MR<br>RESTAURANTS | 21-20738–<br>NDM<br>RESTAURANTS | 21-20739–<br>NKS<br>RESTAURANTS |
|---|---|---|---|---|---|---|
| CORRIGO<br>INCORPORATED<br>PO BOX 120439<br>DEPT 0439<br>DALLAS, TX 75312-0439 | | | | | | |
| | | | DOMINION<br>ENERGY PO<br>BOX 27031<br>RICHMOND,<br>VA 23261-7031 | | | |
| | | | | | DON T.<br>VU,<br>TRUSTE<br>E VU<br>CREDIT<br>SHELTER<br>TRUST 3240 S<br>WHITE    RD<br>#285<br>SAN JOSE, CA<br>95148 | |
| DTIQ<br>PO BOX 269078<br>OKLAHOMA<br>CITY,<br>OK 73126 | | | | | | |
| EBA&M<br>EMPLOYEE<br>BENEFITS<br>ADMINISTRIATI<br>ON & MANA<br>118002 COWAN 18<br>IRVINE, CA 92614 | | | | | | |
| EBA&M<br>CORPORATION<br>18002 COWAN<br>IRVINE, CA 92614 | | | | | | |
| | | ECOLAB | ECOLAB | | | |

# EXHIBIT B

| 21-20731–<br>MERIDIAN<br>RESTAURANTS | 21-20732–<br>LOVELOUD<br>RESTAURANTS | 21-20733–<br>AZM<br>RESTAURANTS | 21-20736–<br>HR<br>RESTAURANTS | 21-20737–<br>MR<br>RESTAURANTS | 21-20738–<br>NDM<br>RESTAURANTS | 21-20739–<br>NKS<br>RESTAURANTS |
|---|---|---|---|---|---|---|
| | | PEST ELIMINATIO N DIVISION 26252 NETWORK PLACE CHICAGO, IL 60673-1262 | PEST ELIMINATIO N DIVISION 26252 NETWORK PLACE CHICAGO, IL 60673-1262 | | | |
| | | | | | EDWARD ROTHFAR B 63 WILLIAM STREET CATSKILL, NY 12414 | |
| | | | | | F & S BURNSIDE INC. ATTN: MS JERI COHEN 13 MEADOW COURT BOX 36 BRIDGEHAMPTO N, NY 11932 | |
| | | FLOWERSFOODS PO BOX 842176 DALLAS, TX 75284 | | | | |
| | | | FRANZ FAMILY BAKERIES SNYDERS BAKERY - SPOKANE PO BOX 742654 LOS ANGELES, CA 90074-2654 | | | |

# EXHIBIT B

| 21-20731–<br>MERIDIAN<br>RESTAURANTS | 21-20732–<br>LOVELOUD<br>RESTAURANTS | 21-20733–<br>AZM<br>RESTAURANTS | 21-20736–<br>HR<br>RESTAURANTS | 21-20737–<br>MR<br>RESTAURANTS | 21-20738–<br>NDM<br>RESTAURANTS | 21-20739–<br>NKS<br>RESTAURANTS |
|---|---|---|---|---|---|---|
| GARDAWORL<br>D   CASHLINK,<br>LLC LOCKBOX<br>#1948<br>PO BOX 95000<br>PHILADELPHIA, PA<br>19195-0001 | | | | | | |
| GARNETT<br>CAPTIVE KRP<br>MANAGERS, LLC<br>604 E BALTIMORE<br>PIKE<br>MEDIA, PA 19063 | | | | | | |
| | | | GRO, LLC<br>C/O GLENN<br>OAKES 2564 RED<br>ARROW DR<br>LAS VEGAS, NV<br>89135 | | | |
| | | | | HIGHPOINT<br>SHOPPING<br>CENTER LTD.<br>C/O<br>WOODBURY<br>CORPORATIO<br>N 2733 E<br>PARLEYS<br>WAY, STE 300<br>SALT LAKE<br>CITY, UT<br>84109 | | |
| HIRERIGHT<br>PO BOX 847891<br>DALLAS, TX 75284 | | | | | | |
| | | | JAMES LEE<br>PARDEE III<br>REVOCABLE<br>LIVING TR<br>ATTN: JAMES LEE<br>PARDEE III | | | |

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | PO BOX 4153 ASPEN, CO 81612 | | | |
| | | | | | | LAYNE J. SUP, MANAGER 206 S 13TH STREET STE #600 LINCOLN, NE 68508 |
| | | | | LEE SHAHINIAN, JR. PO BOX 3596 LOS ALTOS, CA 94024 | | |
| LINKEDIN CORP. 62228 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693-0622 | | | | | | |
| | | | LOUIE IRREVOCABLE TRUST C/O BETTY YONG 667 GRANT AVENUE SAN FRANCISCO, CA 94108 | | | |
| | | | | | | MALAVE BEATRICE LLC 233 E WEDDELL DR SUITE J SUNNYVALE, CA 94089 |

## EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | | MAXWELL MASONRY RESTORATIO N & CLEANING 1245 W 700 S OGDEN, UT 84404 | | |
| | | | | | | MCLANE COMPANY, INC. PO BOX 800 ROCKY MOUNT, NC 27801 |
| NATIONWID E PO BOX 77210 MINNEAPOLIS, MN 55480-7200 | | | | | | |
| | | | NEIL P MUSSALLEM TRUST PO BOX 388 MORGAN HILL, CA 95038-0388 | | | |
| | | | | NICHOLA S & COMPAN Y PO BOX 45005 SALT LAKE CITY, UT 84145 | | |
| NOW CFO UTAH III, LLC 5251 S GREEN STREET STE 350 MURRAY, UT 84123 | | | | | | |

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|

## EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | | | | OCHO PROPERTIES, LLC BENNIE L MCCOMBS, MEMBER 6333 APPLES WAY, STE 115 LINCOLN, NE 68516 |
| | | | | | PAN-O-GOLD BAKING CO. CENTRAL PROCESSING CENTER PO BOX 848 ST. CLOUD, MN 56302 | |
| | | | PEEKAMOOSE LLC C/O BBRG, INC ATTN: JEFRY ROSMARIN 10 MOUNT MISERY ROAD HUNTINGTON, NY 11743 | | | |
| | | PONTUS ATTN: MICHAEL PRESS 875 PROSPECT ST. STE 303 LA JOLLA, CA 92037 | | | | |
| | | PONTUS 09644 ATTN: MICHAEL PRESS | | | | |

# EXHIBIT B

| 21-20731–<br>MERIDIAN<br>RESTAURANTS | 21-20732–<br>LOVELOUD<br>RESTAURANTS | 21-20733–<br>AZM<br>RESTAURANTS | 21-20736–<br>HR<br>RESTAURANTS | 21-20737–<br>MR<br>RESTAURANTS | 21-20738–<br>NDM<br>RESTAURANTS | 21-20739–<br>NKS<br>RESTAURANTS |
|---|---|---|---|---|---|---|
| | | 875 PROSPECT ST. STE 303 LA JOLLA, CA 92037 | | | | |
| | | | | | PRAIRIE GROVE, INC 702 13TH AVE E WEST FARGO, ND 58708-3304 | |
| | | | R. JASON MILLER PROPERTIES LLC 2455 W MAIN ST TREMONTON, UT 84337 | | | |
| | | | | | RABKA ENTERPRISES, LLC 525 WEST LAKOTA DRIVE SW ALEXANDRIA, MN 56308 | |
| | | | | | REINHART FOODSERVICE PO BOX 58 ROGERS, MN 55374-0058 | REINHART FOODSERVICE PO BOX 111608 OMAHA, NE 68111 |
| | | RICHARD GENE ELLIS AND CHARLOTTE M ELLIS PO BOX 315 WILLCOX, AZ 85643 | | | | |
| | | | RMR, INC. | | | |

## EXHIBIT B

| 21-20731–<br>MERIDIAN<br>RESTAURANTS | 21-20732–<br>LOVELOUD<br>RESTAURANTS | 21-20733–<br>AZM<br>RESTAURANTS | 21-20736–<br>HR<br>RESTAURANTS | 21-20737–<br>MR<br>RESTAURANTS | 21-20738–<br>NDM<br>RESTAURANTS | 21-20739–<br>NKS<br>RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | 2309 WILDER ST<br>HELENA, MT<br>59602 | | | |

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| ROBERT HALF EXECUTIVE SEARCH P.O. BOX 743295 LOS ANGELES, CA 90074-3295 | | | | | | |
| | | | | ROCKY MOUNTAIN POWER PO BOX 26000 PORTLAND, OR 97256-0001 | | |
| | | | | | | RUSHCO LAWN CARE 620 HILL ST LINCOLN, NE 68502 |
| | | | | | S&M SNOW REMOVAL & SERVICES 402 4TH AVENUE E WEST FARGO, ND 58078 | |
| | | SARABJEET PANNU 9420 FOX HILL LANE CHATSWORTH, CA 91311 | | | | |
| | | SHAMROCK FOODS COMPANY PO BOX 52438 PHOENIX, AZ 85072-2438 | SHAMROCK FOODS COMPANY PO BOX 52410 PHOENIX, AZ 85072-2410 | | | |

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | SHOES FOR CREWS P.O. BOX 734176 CHICAGO, IL 60673-4176 | | | | |
| | | | | | | SHOP QUIK STORES, LLC GREG JUNGHANS 615 SOUTH 4TH MANHATTAN, KS 66502 |
| SICOM SYSTEMS, INC PO BOX 930157 ATLANTA, GA 31193-0157 | | SICOM SYSTEMS, INC PO BOX 930157 ATLANTA, GA 31193-0157 | SICOM SYSTEMS, INC PO BOX 930157 ATLANTA, GA 31193-0157 | SICOM SYSTEMS, INC PO BOX 930157 ATLANTA, GA 31193-0157 | SICOM SYSTEMS, INC PO BOX 930157 ATLANTA, GA 31193-0157 | SICOM SYSTEMS, INC PO BOX 930157 ATLANTA, GA 31193-0157 |
| | | | SLC LAWN SERVICES & SNOW REMOVAL P.O. BOX 701662 SALT LAKE CITY, UT 84170 | | | |
| SNELL & WILMER ONE ARIZONA CENTER 400 E VAN BUREN, STE 1900 PHOENIX, AZ 85004-2202 | | | | | | |
| STORE CAPITAL 8377 E HARTFORD DR | | | | | | |

# EXHIBIT B

| 21-20731–MERIDIAN RESTAURANTS | 21-20732–LOVELOUD RESTAURANTS | 21-20733–AZM RESTAURANTS | 21-20736–HR RESTAURANTS | 21-20737–MR RESTAURANTS | 21-20738–NDM RESTAURANTS | 21-20739–NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| STE 100 SCOTTSDALE, AZ 85255 | | | | | | |

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | SULPHUR 6879 PO BOX 52788 PHOENIX, AZ 85072-2788 | | | | |
| | | | SUMMIT FIRE & SECURITY- HR PO BOX 6783 CAROL STREAM, IL 60197-6783 | | | |
| | | | | SUNDOWNER INC PO BOX 1055 CALWELL, ID 83606 | | |
| | | | | | SYSCO P O BOX 31198 BILLINGS, MT 59101 | |
| | | | SYSCO MONTANA, INC. 1509 MONAD ROAD BILLINGS, MT 59107-1198 | | | |
| TANNER KEY BANK TOWER AT CITY CREEK 36 SOUTH STATE STREET, STE 600 SALT LAKE CITY, UT 84111 | | | | | | |
| | | TEP - TUCSON ELECTRIC POWER 11383 PO BOX 80077 PRESCOTT, AZ 86304-8077 | | | | |

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | | TERRATRON 10457 PO BOX 3208 PARK CITY, UT 84060 | | |
| | | | | TERRATRON 10484 PO BOX 3208 PARK CITY, UT 84060 | | |
| | | | | TERRATRON 10511 PO BOX 3208 PARK CITY, UT 84060 | | |
| | | | | | THANH LEWIS 5066 PEARLITE AVE LAS VEGAS, NV 89120 | |
| | | | | TIM BURGESS PO BOX 28 RIVERSIDE, CA 92502 | | |
| | | TOWN OF THATCHER PO BOX 670 THATCHER, AZ 85552 | | | | |

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | | TPP 217 TAYLORSVILLE, LLC C/O NEWMARK 376 E 400 SOUTH STE 120 SALT LAKE CITY, UT 84111 | | |
| | | VARITECH COMMERCIAL SERVICES 1646 S. RESEARCH LOOP #110 TUCSON, AZ 85710 | | | | |
| VFI CORPORATE FINANCE 2800 EAST COTTONWOOD PARKWAY 2ND FLOOR SALT LAKE CITY, UT 84121 | | | | | | |
| | | WASTE HARMONICS, LLC PO BOX 933459 CLEVELAND, OH 44193 | WASTE HARMONICS, LLC PO BOX 933459 CLEVELAND, OH 44193 | WASTE HARMONICS, LLC PO BOX 933459 CLEVELAND, OH 44193 | WASTE HARMONICS, LLC PO BOX 933459 CLEVELAND, OH 44193 | WASTE HARMONICS, LLC PO BOX 933459 CLEVELAND, OH 44193 |
| WEST STAR PLAZA AT FASHION POINTE, LLC 1752 EAST COMBE ROAD, SUITE #2 OGDEN, UT 84403 | | | | | | |

# EXHIBIT B

| 21-20731 – MERIDIAN RESTAURANTS | 21-20732 – LOVELOUD RESTAURANTS | 21-20733 – AZM RESTAURANTS | 21-20736 – HR RESTAURANTS | 21-20737 – MR RESTAURANTS | 21-20738 – NDM RESTAURANTS | 21-20739 – NKS RESTAURANTS |
|---|---|---|---|---|---|---|
| | | | | | | WOODRIVER ENERGY LLC PO BOX 732686 DALLAS, TX 75373-2686 |
| WYOMING DEPART OF REVENUE | | | | | | |