*Prepared and Submitted By:*

| | |
|---|---|
| Michael R. Johnson (7070) | James T. Markus |
| David H. Leigh (9433) | William G. Cross |
| Elaine A. Monson (5523) | Lacey S. Bryan |
| **RAY QUINNEY & NEBEKER P.C.** | **MARKUS WILLIAMS YOUNG &** |
| 36 South State Street, 14th Floor | **HUNSICKER LLC** |
| Salt Lake City, Utah 84111 | 1775 Sherman Street, Suite 1950 |
| Tel: (801) 532-1500 | Denver, Colorado 80203-4505 |
| Email: mjohnson@rqn.com | Telephone (303) 830-0800 |
| Email: dleigh@rqn.com | Facsimile (303) 830-0809 |
| Email: emonson@rqn.com | Email: jmarkus@markuswilliams.com |
| | Email: wcross@markuswilliams.com |
| | Email: lbryan@markuswilliams.com |

*Proposed Counsel for the Debtor-In-Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>MERIDIAN RESTAURANTS UNLIMITED, LC;<br>LOVELOUD RESTAURANTS, LC;<br>AZM RESTAURANTS, LC; HR RESTAURANTS, LC; MR RESTAURANTS, LC;<br>NDM RESTAURANTS, LC; and<br>NKS RESTAURANTS, LC,<br><br>   Debtors-in-Possession. | Bankruptcy Case No. 23-20731-KRA<br>Bankruptcy Case No. 23-20732-KRA<br>Bankruptcy Case No. 23-20733-KRA<br>Bankruptcy Case No. 23-20736-KRA<br>Bankruptcy Case No. 23-20737-KRA<br>Bankruptcy Case No. 23-20738-KRA<br>Bankruptcy Case No. 23-20739-KRA<br><br>Chapter 11<br><br>Judge Kevin R. Anderson<br><br>**Jointly Administered Under<br>Bankruptcy Case No. 23-20731-KRA**<br><br>[Filed via ECF] |

# ORDER AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The Court having reviewed the *Omnibus Motion for Entry of Order the Rejection of Executory Contracts and Unexpired Leases of Nonresidential Real Property* (the "Motion") filed by Debtors Meridian Restaurants Unlimited, L.C., a Utah Limited liability company ("Meridian"), Loveloud Restaurants, L.C. ("Loveloud"), AZM Restaurants, L.C. ("AZM"), HR Restaurants, L.C. ("HR"), MR Restaurants, L.C. ("MR"), NDM Restaurants, L.C. ("NDM"), and NKS Restaurants, L.C. ("NKS"),[1] and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, the Debtors' creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; and the Court having reviewed the Motion and considered the arguments made at the hearing, if applicable; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to 11 U.S.C. § 365, each of the Lease Agreements and Franchise Agreements identified on **Exhibits A** and **B** (together, the Agreements") attached to the Motion is hereby rejected by the Debtors, with such rejection being effective as of the date of the filing of the Motion or, alternatively, the date the applicable premises were vacated, whichever occurred first (the "Rejection Date").

3. Claims of any counterparty to the Agreements with respect to damages arising from the rejection of the Agreements must be filed by motion with the Court **no later than thirty (30) days from the date of this Order.**

4. The Debtors shall not be liable for any additional administrative expenses arising after the Rejection Date with respect to the Agreements.

5. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) otherwise affect the Debtors' rights under § 365 to dispute any claim for damages arising from the rejection of the Agreements.

6. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

---

[1] Meridian, Loveloud, AZM, HR, MR, NDM, and NKS are each a "Debtor" and collectively referred to herein as the "Debtors".

7. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

-----------------------------------------------END OF DOCUMENT-----------------------------------------